# Hain *against* Martin.

In an action of ejectment, it is not a valid objection to the competency of a witness called by the plaintiff, that he is one of the defendants, if he was merely made a defendant because he lived on the land.

In an action of ejectment brought by a vendor to compel the payment of purchase money by the vendee, it is not competent for the defendant to give evidence of the payment of a sum of money by him to counsel to defend his possession of the land in an action of ejectment which had been brought against him.

ERROR to the common pleas of *Dauphin* county.

This was an action of ejectment by Marcus Martin's executor against Daniel Hain and others, to compel the payment of purchase money. The facts are sufficiently stated in the opinion of the court.

*J. A. Fisher*, for plaintiff in error.

*M'Clure* and *M'Cormick*, contra, whom the court declined to hear.

SERGEANT, J.—Ejectment for two separate tracts of land, one of one hundred and sixteen acres arable land, the other ninety-eight acres mountain land. General appearance and plea of not guilty.

The plaintiff deduced title from the commonwealth down to his intestate Marcus Martin. The defendants set up title to the one hundred and sixteen acre tract under an article of agreement of the 31st of December 1808, between Marcus Martin and John Foust for the sale of the two tracts to Foust, and the purchase of Foust's right in the one hundred and sixteen acre tract by Daniel Hain (whose heir was John Hain the defendant) at sheriff's sale, as the property of Foust, on the 21st of November 1822, in consideration of 2600 dollars. By the agreement Foust was to have possession of the land, but was to pay for it by a certain time, and to render services and deliver certain articles to Martin and his wife during their lives and the life of the survivor. The plaintiff alleged that this agreement had not been complied with; that the services were not performed, and the purchase money not paid; and it appeared in evidence that nine bonds, amounting to 800 pounds of the purchase money, remained unpaid. As to the performance of the services and the amount due on account of them, there was a dispute between the parties, and it was left as a fact to the jury.

It further appeared that in 1823, Foust left the premises, and Martin took possession and refused to surrender to Hain; but in 1829, Hain's heirs recovered from Foust's representatives, one hundred and four acres of the one hundred and sixteen acre tract; twelve acres having been reserved by Martin in his agreement with Foust,

during the lives of Martin and his wife.  Martin died in 1825, and his wife in 1826.  For the value of these twelve acres from the time of the wife's death, the jury were directed to credit the defendant in account, and also for the value of the one hundred and four acres while in possession of Martin, and for any injury the land had sustained by the neglect or misconduct of Martin while in his possession.

One defence taken by the defendant, (see the points) was that the taking possession of the one hundred and sixteen acres by Martin, and the retention of them by him and his representatives till recovered in ejectment by Hain's representatives, rescinded the agreement of 1808, and barred the plaintiff's recovery.  Another was, that Hain never was in possession of the ninety-eight acre tract, but that it had continued in the possession of Martin and his administrator, the plaintiff.  The evidence as to the ninety-eight acre tract was clear, that Hain's administrators, after recovering in 1829, placed tenants on the land recovered, and directed them to get their firewood and rails on the ninety-eight acres, and they did so.  This was sworn to by Frank, the tenant, and not contradicted by Fox when called in reply, and was evidence of possession.  As to the other point, namely, the taking possession of the one hundred and sixteen acres by Martin, its effect was done away by the recovery in Hain's ejectment, which affirmed the original agreement, and restored the parties to their former rights.  We are of opinion there was no error in the answers of the court to the defendant's points.

The first and second bills of exceptions have not been much urged by the counsel for the plaintiffs in error, and we see nothing improper in the admission of the evidence.

The third bill was to the admission of Jacob Grove as a witness for the plaintiff.  It is true, he was a defendant on the record, but he had no interest in supporting the plaintiff's recovery against himself and the other defendants.  Whether he was the plaintiff's tenant or not, was a fact in dispute.  According to his own testimony, he was not; he went in of his own accord, and the plaintiff told him he would have nothing to do with him.

The fourth bill of exceptions is to the rejection of the evidence offered by the defendant of the fees paid to counsel in the ejectment brought by Hain against Martin, and the question is on the propriety of rejecting that evidence.  No case has been referred to by the counsel for the plaintiff in error which justifies its admission.  The case of Penn *v.* Preston, 2 *Rawle* 14, cited as authority for it, by no means supports the principle.  In Fulweiler *v.* Baugher, 15 *Serg. & Rawle* 45, an action was brought by the vendor of land on bonds given for the consideration money: the title of the plaintiff was originally defective for part of the land sold, but was perfected at the time of trial.  The defendant claimed a deduction from the purchase money, amongst other things of certain expenses, distinct from the costs of suit, which had been incurred in defending ejectments

[Hain v. Martin.]

brought for the defective part. But they were not allowed; the defendant not having given the plaintiff notice of the suits. The legal costs and fees of suit would seem in general to constitute the standard by which the liability of parties in this respect is to be measured. They furnish something precise and definite, and reimburse all that is legally ascertained to have been expended or incurred. The sums paid to counsel are usually matters between the party and his counsel, depending chiefly on their own agreements, in some cases more, in some less. There may be cases in which it would be right to allow a reasonable sum, but here the circumstances relating to the mutual performance of the agreement and the conduct of the suit, are not set forth on the record : and besides the question was on the admission of evidence of the moneys actually paid, and not on the propriety of allowing a reasonable sum for expenses. We therefore think this exception not sustained; and that upon the whole case there is no error.

Judgment affirmed.