## WORTHAN *vs.* BREWSTER.

1. Whenever the holder of a promissory note, signed by a principal and surety, extends the time of payment to the principal, without the concurrence of the surety, for the purpose of avoiding a defense to the note which is claimed by the principal, the surety is discharged from all liability on the note.

2. A new trial will not be granted on the ground that the verdict is contrary to evidence whenever there is sufficient evidence to support the verdict.

3. Upon an issue whether the surety had been discharged from liability on a promissory note by the *act* of the holder, the jury returned the following verdict: "We the jury, find for the plaintiff sixty dollars with interest and costs of suit—releasing the security": *Held*, that the verdict was not void for uncertainty or irregularity.

Debt, in Coweta Superior Court. Tried before Judge HAMMOND, at September Term, 1859.

This was an action by Worthan against Hugh Brewster, security on a promissory note, of which the following is a copy, viz :

"$60 00. Two weeks after date we, or either of us promise to pay McRunnells, or bearer, sixty dollars for value received. December 23, 1853.

(Signed,)        WM. $\overset{\text{his}}{\underset{\text{mark.}}{\bowtie}}$ BESHEARS.

HUGH BREWSTER.

*Test*: W. B. WILKINSON."

Plaintiff read in evidence the note and closed.

Defendant swore Fayette Smith, who testified in substance, that in 1853, or 1854, he was in company with Beshears and another person, coming to Newnan, when they were met by two men riding ; that one of them was McRunnells, or he answered to that name, who said he was going to see Beshears to collect some money.   Beshears said that the mule he sold him was unsound, and tendered him back.   McRunnells said he sold the mule as sound, and refused to take him back. Beshears said he had given him a note with Brewster as security, and had stored his cotton with him to save him against loss.   McRunnells told Beshears to keep the mule and he would wait with him till the next Christmas.   In the opinion of witness, the mule was unsound.

Plaintiff in reply, read the answers of Elijah Nelson to interrogatories, who deposed that he was along with McRunnells when he sold the mule to Beshears for sixty dollars, and took his note, with Brewster as security.   That as they returned home, some two or four weeks afterwards, about two miles from Newnan, they met Beshears with some other persons unknown to witness.   Beshears said he liked his mule first rate, and that he had been offered eighty dollars for him, but would not take it, and told McRunnells that he wanted him to wait till he sold his cotton and he would pay him.

The jury found for the defendant, and plaintiff's counsel moved for a new trial on the following grounds :

1. Because the verdict was contrary to law and the evidence.

2. Because the Court erred in charging the jury, that if McRunnells, to avoid a suit in consequence of the unsoundness of the mule, agreed to grant indulgence to the principal in the note, and extend the time of payment without the knowledge or consent of the security, then the security was discharged.

The Court refused to grant a new trial, and plaintiff excepts and assigns said refusal as error.

Buchanan and Wright, for plaintiff in error.

M. Kendrick, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

1. Was the charge of the Court right? It is a well settled principle, that if the creditor, by agreement with the principal, without the concurrence of the surety, varies the terms of the contract, as by enlarging the time, etc., or if he dones *any act* by which the risk of the surety is increased, then the surety is discharged. *Curan vs. Colbert,* 3 *Kelly,* 248 ; *Brown vs. Riggins, ib.* 412 ; *Bethune vs. Dozier,* 10th *Ga.,* 235 ; *Taylor vs. Johnson,* 17 to 521. The proof submitted by the defendant, was that the note sued on was given for a mule ; that in consequence of the unsoundness of the mule, Beshears, the principal, refused to pay the note, and tendered back the mule to McRunnells, the vendor of the mule and payee of the note. McRunnells admitted that he sold the mule as a sound one, and told Beshears if he would keep the mule that he would wait with him until the next Christmas for the money agreed to be paid, to which Beshears agreed. The note was then due, and suit was not brought on it until some two years and a half thereafter. The Court charged the jury that if these facts were true, the defendant was not liable—and we think the charge was right. For here was a new contract upon sufficient consideration by which the time of payment was extended from the first of the year 1854 to the latter part of that year, and to which the surety was no party, and by reason of which new agreement the risk of the surety was greatly increased. Had no such agreement been made, it is not only possible, but very probable that the mule would have been returned and the trade rescinded, or the money would have been paid. At all events, the surety had a right to have the contract stand and be enforced as he made it ; but as it was changed without his concurrence he was discharged.

2. Was the verdict contrary to the evidence? It is not denied but that there was sufficient evidence, although conflicting, of the agreement between McRunnells and Beshears, to which reference has already been made, to support the verdict in that respect; but it is claimed that there was no evidence, but that the plaintiff was an innocent and *bona fide* purchaser of the note without notice. On this point the evidence is not so satisfactory. One of the witnesses says that

he and Beshears, on going towards Newnan, he thinks in April of 1853 or 1854, met McRunnells and another, when McRunnells said he was going to see Beshears to collect some money; Beshears said the mule McRunnells had sold him was unsound, and tendered the mule back, etc. Now, although the note was not exhibited, it is not reasonable to suppose that McRunnels would call on Beshears for payment of the note without the note, or before it was due. Another witness, one Nelson, introduced by the plaintiff to rebut the testimony of defendant, testifies that he was present when the mule was sold and the note given, and that subsequently, as he and McRunnells returned home, they met Beshears and others about two miles from Newnan, when Beshears, after expressing his satisfaction with the trade, told McRunnells that he wanted him to wait for his money until the next fall, and when he sold his cotton he would pay the note with interest. This was from two to four weeks after the note was given, and was evidently the same interview of which the other witness testified. While the evidence is not very clear, still we think the jury was justifiable in inferring from all the facts, that McRunnells was at that time the holder of the note, and that it was then due and payable. If he was not the holder at this time, it was easy to have established the fact by Nelson, who seems to have been his companion all the time; but the plaintiff did not rely on the fact that he was an innocent holder of the note, he trusted to overcome the defense by the testimony of Nelson, and in this he failed.

3. Counsel for plaintiff in error insists that the verdict of the jury, which is in the following words: "We, the jury, find for the plaintiff sixty dollars with interest and cost, releasing the security," is illegal and void for uncertainty and irregularity. We do not think so. The question in issue was whether the surety had been discharged from liability on this note on the agreement between McRunnels and Beshears, and in the opinion of this Court the verdict of the jury is so explicit in this respect, that it is impossible to mistake their meaning, and whatever else is in the verdict is mere surplusage and amounts to nothing.

Judgment affirmed.