JOHN B. LEWIS, plaintiff in error, vs. JAMES W. ARM-
STRONG, administrator, et al., defendants in error.

Where a judgment was obtained against the makers of a promisory note,
and one of them appealed to a special jury giving bond and new secu-
rity for the eventful condemnation money, and pending the appeal a
suit was brought, and judgment obtained against the indorser, and
after this the plaintiff dismisses the suit pending on the appeal against
the maker:

*Held*, That on a bill filed by the indorser to enjoin the judgment against
him, alleging these facts and claiming to be discharged by this act of
the plaintiff, in dismissing the suit on the appeal, and thus losing the
lien of the first judgment, and the security on the appeal, it was error
in the Judge not to grant the injunction until the hearing, the answer
not denying the facts except by hearsay, and in effect admitting that
the suit had been dismissed

Injunction.   Maker and indorser.   Release.   Before Judge
CLARK.   Sumter county.   At Chambers.   August 29th, 1872.

John B. Lewis filed his bill against Jane R. Armstrong,
administratrix, and James W. Armstrong, administrator of
James W. Armstrong, deceased, William L. Graham, sheriff
of Dooly county, Columbus W. Hand, David Bagley and
Thomas N. W. Horne and James Murray, executors of J. W.
C. Horne, deceased, containing the following allegations,
to-wit:

That on January 9th, 1860, the defendants, Hand and Bag-
ley, made to the said James W. Armstrong, then in life, but
since deceased, their two promissory notes, one for the sum of
$2,517 97, due twelve months after date, and the other for
$2,682 20, due twenty-four months after date, both of which
notes were indorsed by complainant for the accommodation of
the makers and without any participation in their considera-
tion; that the defendant, Hand, made payments on the first
of said notes, amounting in the aggregate to about $1,180 40;
that said James W. Armstrong caused suit to be commenced
on said notes against the defendants, Bagley and Hand, as
makers, and the complainant as indorser, returnable to the
September term, 1865, of the Superior Court of Sumter coun-

ty; that at the April term, 1866, of said Court, judgment was rendered for the plaintiff against the defendant Hand as principal, the defendant Bagley as security, and complainant as indorser for $4,020 23, principal debt; that said Hand alone appealed from said judgment, giving as security J. W. C. Horne, then in life but since deceased; that pending said appeal the said James W. Armstrong instituted suit against complainant as indorser on said notes to the October term, 1867, of Dooly Superior Court, and at the October adjourned term, 1868, recovered a judgment for $4,164 24, principal sum, and $2,100 61, interest to October 21st, 1868; that on November 14th, 1868, an execution issued on said last judgment which was levied on January 22d, 1869, by the defendant Graham, as sheriff of the county of Dooly, on the lands of complainant, and said lands will be sold as advertised on the first Tuesday in August, 1872, unless said sale is enjoined.

Complainant avers that said last suit was brought against him while there was a subsisting judgment in Sumter Superior Court for the same cause of action, and for this reason he paid no attention to it, believing that it was brought through the mistake and forgetfulness of plaintiff's attorney; that no pleas were filed and judgment was rendered against him by default; that the defendant Hand was, at the time said judgment was obtained against complainant, defending the suit in Sumter county on the ground that the consideration of said notes was slaves sold to him by said Armstrong; that complainant felt that the defendant Hand was defending also for him, who was only his accommodation indorser; that notwithstanding sufficient property to pay the debt was bound by the judgment obtained in Sumter county without resorting to the property of complainant, and notwithstanding J. W. C. Horne, the security on the appeal was amply able to respond to said debt, yet said Armstrong, after obtaining a judgment against complainant in Dooly county, under the circumstances of fraud and surprise already set forth, at a term of Sumter Superior Court, sometime in the year 1869 or 1870, voluntarily dismissed his said suit pending on the appeal, thereby releasing

said security on the appeal and discharging the lien of the judgment already obtained, thereby increasing the risk of complainant and exposing him to greater liability; that the discharge of his principal and the said securities discharged complainant from all liability to said Armstrong or his representatives. Prayer, that the writ of injunction may issue, directed to said defendants, restraining them from selling said land, or from any other or further proceeding in any litigation pending in Dooly or Sumter Superior Court, touching the premises until the further order of the Court; that complainant may be decreed to be released from any liability for said debt, or if this may not be done, that the litigation in Sumter Superior Court may be decreed to occupy the status it did at the time of the dismissal of said suit, and that complainant be reinstated in all his rights as they existed at that time, or failing therein, that said Armstrong may be compelled by decree to discharge him from all liability, and resort to the other defendants in said case, except the defendant, Graham.

James W. Armstrong, as administrator upon the estate of James W. Armstrong, deceased, answered the bill for himself, and said intestate; Jane R. Armstrong, formerly administratrix, having been discharged from the administration.

The only portions of the answer necessary to an understanding of the case are substantially as follows:

Defendant admits that a judgment was obtained at April term, 1866, of Sumter Superior Court, against the defendants, Hand and Bagley, from which an appeal was entered, but he denies that at said term any judgment was rendered against the complainant, and, on the contrary, states the fact to be that complainant, who was a resident of the county of Dooly, had not been served; that at the October term, 1866, of Sumter Superior Court, service having been in the meantime perfected, he obtained a separate verdict and judgment against complainant, from which an appeal was entered by his attorney, W. A. Hawkins, Esq.; that preceding said last mentioned appeal the attorney of defendant's intestate, living at that time in Dooly county, unwilling to complicate the case

further in Sumter Superior Court, by carrying on two separate and distinct actions, and becoming tired of attending the sessions of said Court, the appeal docket being a very heavy one and the prospect of reaching said cause being very remote, for the mutual accommodation of complainant and himself, at the adjourned term of said Court, in July, 1867, took an order dismissing said separate case against Lewis: that after the dismissal of said suit as aforesaid, an action was commenced on said notes against complainant, returnable to the October term, 1867, of Dooly Superior Court, and when said case was called at the October term, 1868, the same being in default, a judgment was rendered for the plaintiff; that an execution based on said judgment was levied on January 22d, 1869, on the property of complainant, and an affidavit of illegality was filed thereto, alleging, among other grounds, the judgment outstanding against him for the same cause of action in Sumter Superior Court; that said ground, although false in fact, was nevertheless fully considered and passed upon by the Court, and overruled on demurrer, to which decision exceptions were filed, and the judgment subsequently affirmed by the Supreme Court; that defendant, Hand, the principal in said notes was not defending the suit against him and the defendant Bagley in Sumter Superior Court, at the time judgment was rendered against complainant in Dooly county, because defendant has been informed that the same had been before that time dismissed by the Court, on motion of W. A. Hawkins, Esq., the attorney of the defendants, Hand and Bagley, on the ground that the same was a slave debt.

Defendant denies that complainant ever was a party to said suit against the defendants, Hand and Bagley; that defendant is informed, and believes that his attorney denies and resents with some indignation the charge that he made use of any trick or device to obtain said judment in Dooly county; defendant denies that he ever, by himself or his attorney, voluntarily dismissed the case brought against the defendants, Hand and Bagley, in 1869 or 1870, or at any other time, as charged in said bill, but, on the contrary, he insists that the

same was done, if done at all, by the action of the Court against the wishes and earnest opposition of his attorney, and on the motion of complainant's attorney, as defendant is informed; that so far from voluntarily dismissing said suit, defendant resisted the dismissal so long as he could successfully do so, and that after said suit had been dismissed as aforesaid, and after the passage of the Act of 1869, requiring all suits on such contracts to be brought prior to January 1st, 1870, he caused suit against said defendants to be renewed, believing and hoping that a returning sense of justice would in time prevail throughout the State, and the validity and justness of his claim be recognized; that in addition to the positive injunction upon him to bring said case at that time imposed by the before mentioned statute, he was likewise induced to do so for the benefit of complainant, in order to be able to subrogate him to all the rights of a judgment creditor against the defendants, Hand and Bagley; defendant denies all combination with the other defendants.

The Chancellor refused the injunction, and the complainant excepted, and assigns said ruling as error.

W. A. HAWKINS; S. HALL; S. ROGERS, for plaintiff in error.

JOSEPH ARMSTRONG, by brief, for defendants.

1st. Equity will not interfere after a judgment at law: Story's Eq. Pl., sec. 782; 2d Story's Eq. Jur., sec. 894 to 896; 36th Ga. R., 584; 3d Ga. R., 78; 12th Ga. R., 338; 2d Ga. R., 279, 329; 1st Ga. R., 136, 139; 15th Ga. R., 106; 16th Ga. R., 402; 3d Ga. R., 229.

2d. Injunction refused where diligence is wanting: 28th Ga. R., 117.

3d. Reasons for dissolving stronger than for sustaining: 28th Ga. R., 503.

4th. Allegations in bill weak and denials strong: 29th Ga. R., 503.

Lewis *vs.* Armstrong *et al.*

5th. Answer waived; injunction dissolved on coming in of answer of one defendant: 37th Ga. R., 684.

6th. Practice in case of injunction: Code, sec. 3151, *et seq.;* Act of October 27th, 1870; Acts of 1871–72.

McCay, Judge.

We do not propose to discuss the various questions which were argued at the hearing of this case. We think the equity in the bill turns mainly on the damage which is claimed by the complainant to have come to him from the dismissal of the suit in Sumter, pending, as it was, on the appeal against the principal, and we do not think the answer, with sufficient definiteness, denies that equity. We are not now prepared to say that the dismissal of the case by the plaintiff's fault, on the motion of the other party, would be sufficient, though we are rather inclined that way. But if the plaintiff has himself dismissed the suit, we think a strong equity arises in favor of the security. The principal debtor had given to the plaintiff a new security for the debt. In his separate appeal, he had separated himself from the other defendants, and the security on the appeal undertook to pay the judgment the plaintiff might obtain. It would seem that this is an act which comes within sections 2151, 2124, 2126 of the Code. The dismissal of the appeal suit is a positive act. By it the security—the complainant—has been injured. The plaintiff in that suit has given up a security which the complainant here, would, if he pays the debt, have a right to collect the money out of. This equity is not denied in the answer in plain terms; it is, by implication, admitted. We think the injunction ought to have been granted on this ground, though, as we have above remarked, we are not now prepared to say that it would not be a good bill if the plaintiff in the appeal case, by his failure to attend to his case, caused the dismissal.

Judgment reversed.