Atlanta National Bank *vs.* Douglass.

---

ATLANTA NATIONAL BANK, plaintiff in error, *vs.* ROBERT O. DOUGLASS, defendant in error.

1. A, for B's accommodation, indorsed B's note to C.   It was agreed between all the parties at the time of the indorsement that B should give to C a mortgage upon his (B's) stock of goods, as a security for

Atlanta National Bank *vs.* Douglass.

the debt, and this was done as agreed. But C failed to record the mortgage, and at the end of three months canceled it and took another:

*Held,* that this discharged the security.

2. The security is discharged, notwithstanding it may be affirmatively shown that the mortgage, though duly recorded and not canceled, would have been no protection to the security by reason of older liens.

Indorsement. Principal and security. Before Judge BUCH-ANAN. Troup Superior Court. May Term, 1873.

The Atlanta National Bank commenced twelve suits against Isaac Wise, as maker, and Robert O. Douglass, as indorser, on twelve notes, each for $100 00, in the justice's court for the six hundred and fifty-fifth district. Judgments were rendered for the plaintiff, and Douglass appealed to the superior court, where the cases were consolidated. The defendant pleaded the general issue and release. The testimony presented the following facts:

Wise was indebted to the plaintiff in the sum of $1,310 00 on a draft. This amount was divided into three notes, upon which the defendant became indorser. These notes were sued, and in settlement of this case the twelve notes above referred to were given. Defendant would not have consented to this settlement had he not been assured by counsel for the plaintiff that he would be fully protected, as indorser, by a mortgage on Wise's stock of goods, which plaintiff was to take. With this understanding he indorsed the notes. The mortgage was executed by Wise and delivered to the plaintiff. It was not recorded within three months from the date of its execution. It was then canceled, and a second mortgage given on the same property. Had the first been recorded within the time prescribed by law it would have afforded no protection to the defendant, on account of older liens. Judgments had been recovered against Wise intermediate the dates of the two mortgages.

The court charged the jury, "that if the plaintiff took a mortgage on Wise's stock of goods, as collateral security for the debt on which Douglass was security; and failed to record

Atlanta National Bank *vs.* Douglass.

the same within three months from the date of the mortgage, so that the lien became postponed, or that the plaintiff surrendered and delivered up to Wise, the maker, the mortgage, so that the lien became lost or destroyed, and you further believe from the evidence that Douglass, as accommodation indorser, was thereby injured, or that his risk was increased, or that he was exposed to greater liability, then Douglass is discharged. If you believe from the evidence that the surety's risk was not increased, nor the surety exposed to greater liability, nor injured thereby, then he is not discharged. In this connection I call your attention to the principle of law, that if judgment liens were obtained, or might have been obtained, in the interval between the making of the mortgage and the end of the three months, against Wise, or that in that time the maker, Wise, might have sold the mortgaged property to an innocent purchaser without notice of the mortgage, this would increase the surety's risk and expose him to greater liability."

To the last sentence of which charge the plaintiff excepted because it excluded from the jury all consideration of the question as to whether in fact the defendant was injured.

The plaintiff requested the court to charge, "that if it should appear in the proof that valid and subsisting liens, older than the first mortgage taken by the plaintiff, existed against the stock of goods covered by plaintiff's mortgage, and exceeded in amount the value of the stock so mortgaged to plaintiff, then, upon these facts appearing, the risk of the surety was not increased by this failure to record. How the truth is the jury must determine. The court expresses no opinion upon the facts."

The court refused thus to charge, and plaintiff excepted. The jury returned a verdict for the defendant. A motion for a new trial was made alleging error in the aforesaid charge and refusal to charge. The motion was overruled and plaintiff excepted.

SIDNEY DELL; W. O. TUGGLE, for plaintiff in error.

Atlanta National Bank *vs.* Douglass.

SPEER & SPEER, for defendant.

McCAY, Judge.

1. There is no real dispute between the parties as to the material facts upon which arises the legal question made in the record. Both sides agree that it was part of the agreement, at the time these notes were taken, that a mortgage should be executed by Wise to the plaintiff upon his (Wise's) stock of goods. The plaintiff's witness insists that this was a mere favor by him to the security, while the security insists that it was a *sine qua non* for his action, and that he would not have agreed to the arrangement at all except for this agreement. We do not think the difference is material. The fact is undisputed that a suit was pending in favor of the bank against the defendants, the one as principal and the other as security; that it was agreed that the suit should be dismissed; that the present notes, each for $100 00, should be given in lieu of the old debt, and that Wise, the principal, should give the mortgage. The giving of the mortgage was a part of the contract at the time the notes were taken, just as truly whether it was agreed to as a favor to Douglass, or whether Douglass made it a condition on which he agreed to the new arrangement. At least, the contract, if stated truly, was that the pending suit should be dismissed, that the notes now sued on (upon which Douglass is, in terms, only security) should be taken in lieu of the old debt and that a mortgage should be executed by Wise to the plaintiff on his stock to secure the debt. This mortgage was in fact executed and the plaintiff put in possession of it. He not only failed to record it, but gave it up to Wise without the knowledge and consent of Douglass and took another to suit himself. We think under the provisions of the Code this was a discharge of the indorser, and that under the facts of the case the charge of the judge was right. Section 2154 of the Code provides that any act of the creditor which injures the surety, exposes him to greater liability or increases his risk will discharge him."

2. It is contended in this case that as there was evidence going to show that the surety was nòt in fact hurt by this act of the plaintiff, the judge should have charged the jury that the surety was not discharged if he was not injured, or at any rate, that he was only discharged *pro rata*, according to the amount of injury. But the Code very certainly means more than this; it does not stop at the words "injures the security," it adds, "increases his risk or exposes him to greater liability." It is insisted, however, that as the Code only purports to be a re-enactment of the old law, that these broad words are to be qualified by the settled rules as existing previously to the codification, and we admit that there is much good sense in this view of the meaning of this section. Ordinarily, if a creditor gets new security and loses it by his *laches* or fault, the security is only discharged *pro tanto*, and only if he be actually damaged, and this upon the common sense principle that the amount of his real hurt ought, in justice, to be the measure of his redress—no more, no less. At first sight, the case in 37 *Georgia*, 428, *Toomer vs. Dickerson*, would seem to militate against this rule, and it was so insisted at the hearing of the case at bar. But in that case, as in this, the mortgage was part of the original contract, and the fact that it was made, was one of the considerations inducing the security to act, to make the contract of securityship. It was not a case of a subsequent security as a new collateral, etc. When the additional security is part of the original contract, the surety has a right to stand on its terms. The failure of the principal to record, the loss of the lien, in this case the destruction of the mortgage, is a change in the terms of the security's undertaking. He only guarantees the notes as secured by the mortgage, and when the mortgage was destroyed his contract was no longer existent; its terms were broken. The contract that he entered into was altered. The amount of that alteration and the effect of it is immaterial. Even if his risk was lessened by it he is discharged : *Bethune vs. Dozier*, 10 *Georgia*, 235.

Judgment affirmed.