THOMAS R. LUMSDEN, plaintiff in error, *vs.* RICHARD H. LEONARD, executor, defendant in error.

1. The levy upon cotton, and the delivery of the said cotton after the levy to the principal debtor by the sheriff, will discharge the surety from the judgment debt to the extent of the value of the cotton; if the creditor in such a case be not in fault, then the sheriff is liable to him and the security should be released; if the creditor be at fault for the loss of the cotton, then, *a fortiori,* the security should be released.

2. The removal of personal property from one county in the state to another by the principal judgment debtor, will not discharge the surety, though it be permitted by the plaintiff, without action on his part, and without the surety's consent, and though the property would be sufficient to satisfy the *fi. fa.,* no consideration being paid to the creditor by the principal debtor.

3. The neglect by the judgment creditor for four years to levy upon real estate sold by the principal debtor to a purchaser, who holds possession until the real estate sold is discharged from the lien of the judgment, will not discharge the surety, though such real estate be sufficient to satisfy the *fi. fa.,* there being no proof, or offer to prove, that the judgment creditor was notified in writing, or otherwise, to levy and no tender of expenses by the surety.

4. Mere non-action by the creditor will not release the surety, unless such non-action makes unproductive some collateral security, such as a mortgage, or is based upon a consideration paid by the principal debtor to the creditor, or he is notified under the statute to collect the debt.

Principal and security. Debtor and creditor. Before Judge JAMES JOHNSON. Talbot Superior Court. March Term, 1875.

Reported in the opinion.

M. H. BLANDFORD; WILLIS & WILLIS, for plaintiffs in error.

H. L. BENNING; PEABODY & BRANNON, for defendant.

JACKSON, Judge.

1. Leonard obtained judgment against Sandford, principal, and Lumsden, security, in 1866 ; a *fi. fa.* was issued thereon and levied upon seven bales of cotton ; this cotton was delivered to the principal, Sandford, as whose property it was levied upon. Leonard, so far as appears from this record, took no steps to recover the cotton or to get the money from the sheriff. We think the sheriff represented the judgment creditor, and his act in giving up the cotton was the act of Leonard, and discharged the surety to the extent of the value of the cotton. If plaintiff was not at fault about it, the sheriff is responsible to him ; if he were to blame, much more should the security be discharged to the extent of the value of the cotton. The case at bar was a motion to discharge him, and he should have been released to this extent: 6 *Georgia Reports,* 396, 397.

2. There were two other grounds taken in the motion ; one predicated on the removal of the personal property from Talbot to Crawford county. It does not appear that any consideration passed from the principal debtor to the judgment creditor to allow the former to move his property, nor was it shown in the motion that the surety was damaged by the removal. Mere non-action on the part of a judgment creditor in such a case will not discharge the surety : 47 *Georgia Reports,* 272 ; 2 American Leading Cases, 267 ; Code, section 2154.

3. The third ground of the motion was made upon the charge that plaintiff in *fi. fa.* had failed to levy upon real estate of the principal after it was sold until (the purchaser holding possession for four years,) the land was discharged from the lien of the judgment, and it was sufficient to have paid it. It is not alleged in this ground that the plaintiff in *fi. fa.* was notified to levy in writing, or that he was tendered the expenses of proceeding against the land; and in the absence of such averments we think no error was committed in striking this ground in the motion. The security had the right to pay off the judgment and go upon the personalty in the one case, and the land in the other; and if he wished the

judgment creditor to litigate for his benefit, he should at least notify him, and offer to pay all the expenses thereof.

4. On a careful examination of our own decisions since the organization of this court, and of the law in general, upon this subject, we conclude that the true doctrine to be gathered from all the sources at our command is this, (and it is embodied in our Code.) Some *act* must be done by the creditor, either before or after judgment, which injures the surety in some way; mere failure or negligence on the part of the creditors will not relieve the surety. And the exceptions to this general rule will be found to be where the creditor omits to do something by which some collateral security in his hands is made unproductive, or where he is notified under the statute to proceed, and he fails or refuses; and if the letter of the statute on the subject of notice be extended to embrace proceedings after judgment, we thing the security, in addition to the notice, should at least indemnify the creditor against the expenses of litigation: Code, section 2154; 3 *Kelly*, 53; 2 Simons, 457; 4 Johnson's Chancery Reports, 123; 8 Pick., 122; 37 *Georgia Reports*, 428. We therefore reverse the judgment of the court below, as to his ruling on the cotton; the dismissal of the levy and re-delivery of it to the principal defendant operates to discharge the surety *pro tanto;* and we affirm his judgment on the other two grounds: See 3 *Kelly*, 248, 249, 412; 11 *Georgia Reports*, 300; 17 *Ibid.*, 111; 33 *Ibid.*, 173; 44 *Ibid.*, 11; 47 *Ibid.*, 273; 3 Penn., 437; 5 Watts, 179; 2 American Leading Cases, 267, *et seq.*

Judgment reversed.