WILLIAM MANRY *et al.*, plaintiffs in error, *vs.* SUSANNAH SHEPPERD, defendant in error.

1. Where execution is against principal and surety, the plaintiff may proceed against the property of either, at his option.

2. The exception to this rule established by the Code, sections 1819, 2508 and 3387, as to judgments recovered on the bonds of administrators, executors or guardians, does not apply to judgments founded on the bonds of other trustees. The letter of these sections will not be extended by construction.

3. That the plaintiff has dismissed a levy upon the principal's land, is no obstacle to enforcing the execution against the property of the surety.

4. After affirmance in the supreme court, the plaintiff is not obliged to enter up judgment against the surety on the *supersedeas* bond, before taking out execution against the defendants in the original judgment.

5. Failure of the clerk to comply with section of the Code, 3685, by omitting to indorse on the execution the date and amount of the judgment, does not make the whole execution illegal, or prevent collection of the principal and interest.

6. To an execution issued from the superior court, it is no valid objection that the judgment was rendered upon a declaration which did not describe the defendants as being of the county in which suit was brought.

7. Affidavit of illegality is not a remedy for excessive levy.

8. A judgment against William Manry is misdescribed in an execution which states that the judgment was rendered against William Manry, junior,

Manry *et al. vs.* Shepperd.

when the two names apply to different persons, both of whom reside in the county.

9. Such misdescription renders the execution illegal; and, though amendable, any levy pending when the amendment is made, must fall: Code, section 3495.

Execution.  Principal and surety.  Practice in the Superior Court.  Levy and sale.  Jurisdiction.  Illegality.  Before Judge HALL.  Calhoun Superior Court.  September Adjourned Term, 1875.

Susannah Shepperd brought suit against Samuel C. Saxon, as principal, and William Manry and Redding Strickland, as securities, on a bond for the faithful accounting by the said Saxon as trustee for the plaintiff.  The jury returned a verdict for the plaintiff for $592 01, principal, with interest, and judgment was rendered accordingly.  On writ of error to the supreme court an affirmance was had.  Execution issued, and on April 3d, 1875, was levied on certain land, which was pointed out by Manry as belonging to his principal.  On May 28th this was dismissed by plaintiff's attorney, and a levy made on other property which was pointed out by him. To this levy the securities filed their affidavit of illegality. on the following grounds:  1st. Because the levy made on the principal's property, as pointed out by Manry, was dismissed, and a levy made on the property of the securities instead. 2d.  Because, after the affirmance of the judgment by the supreme court, the plaintiff did not enter up judgment against the securities on the *supersedeas* bond, but proceeded directly against the property of the original securities.  3d. Because the *fi. fa.* did not follow the judgment in this, that it issued against William Manry, junior, and Redding Strickland, as securities, etc., whereas the judgment was against William Manry and Redding Strickland, as securities, etc.; and that William Manry, junior, resides in Calhoun county, and is no party to this suit.  4th.  Because there is no indorsement by the clerk on the *fi. fa.* as to the time it was issued, nor the date or amount of the judgment.  5th.  Because the original declaration does not allege that any of the defendants

reside in Calhoun county, so as to give jurisdiction to the superior court thereof; nor have any of them pleaded or had their day in court. 6th. Because the levy was excessive.

At the trial, defendants amended their affidavit by adding that the property pointed out by Manry was assets in the hands of Saxon's administrators, (he being dead,) and subject to levy under the aforesaid judgment; and that the dismissal of the first levy was the result of a fraudulent agreement between such administrators and plaintiff.

Plaintiff, on motion, amended the *fi. fa.* by striking out the word "junior" after Manry.

He then demurred to the affidavit of illegality. The demurrer was sustained, and the execution ordered to proceed. To this defendants excepted.

VASON & DAVIS; J. J. BECK, for plaintiffs in error.

R. F. LYON; L. D. MONROE, for defendants.

BLECKLEY, Judge.

We think there was no error in overruling the affidavit of illegality on any of the grounds except the third, which is disposed of in the eighth head-note. That ground was good, in substance; and the plaintiff virtually yielded the question by amending the *fi. fa.* The Code is express, that a levy pending when such an amendment is made, falls. Why does it fall? Not because it becomes illegal by the amendment, but because it was illegal before, and remains so : Code, section 3495.

Judgment reversed.