JOHN E. LILLY, plaintiff in error, *vs*. WILLIAM H. ROBERTS, administrator, defendant in error.

When personal property of the principal, which he is entitled to claim as exempt from levy and sale, is under levy to pay the debt, the surety has no absolute right to have it sold at the first sale day. If the creditor, for no consideration except the principal's promise to pay the debt or a part of it, postpones the sale until the next sale-day, and in the meantime the debtor claims the property as exempt, and thereby disengages it from the levy, his surety is not discharged.

Debtor and Creditor.   Principal and Security.   Before Judge PATE.   Dooly Superior Court.   March Term, 1876.

Roberts, as administrator, brought suit against Lilly, as security, on a note made by William G. Lewis and said Lilly, dated February 15th, 1870, due December 25th, next thereafter, for the sum of $225.00, with a credit thereon of $100.00, of date November 13th, 1871.   The defendant pleaded the general issue, and that he was discharged by reason of indulgence extended to the principal on an execution obtained against him in a separate suit for the same cause of action.

The facts disclosed by the testimony are set out in the opinion.

The jury found for the defendant.   The plaintiff moved for a new trial because the verdict was contrary to the evidence, and to the following charge of the court : "That if the jury believe that the time was given to the principal upon the promise to pay the debt, or to pay $100.00, this would not release the security, but the time must have been given for an outside consideration."

The motion was sustained, and the defendant excepted.

Isaac L. Toole; Duncan & Miller, for plaintiff in error.

W. A. Hawkins; J. H. Woodward, for defendant.

Bleckley, Judge.

The creditor having under levy enough of the personal property of the principal debtor to pay the debt, postponed the sale until the next sale-day, on the debtor's bare promise to pay the debt, or a part of it, in a short time; but, instead of complying with his promise, the debtor, before the next sale-day arrived, claimed the property as exempt, and thus prevented the sale. The right to exemption existed when the creditor acted, although it had not then been asserted. There was no stipulation that it should not be asserted. Under these facts, a surety upon the debt was not discharged. In 30 *Ga.*, 112, the indulgence was granted to avoid a threatened defense. Here there was no such element. There was no bargain by which the creditor acquired any new right, or the debtor conceded any old one.

Judgment affirmed.