Griffeth et al. v. Moss & Company.

Where a promissory note, signed by a principal and sureties, was further secured by a mortgage on personal property executed by the principal, and the creditor, after foreclosing the mortgage, ordered the sheriff who was about to levy on a portion of the mortgaged property then within his reach not to do so, and thereafter this property was removed by the mortgagor so that the sheriff could not again find it, and the mortgage *fi. fa.* was thus rendered unproductive to the extent of the value of the property so removed, the sureties were discharged *pro tanto* from their liability on the note. The creditor was not merely inert or passive, but interfered actively in preventing seizure of the mortgaged property and bringing it to sale.

July 23, 1894.

Complaint on note. Before Judge Stark. City court of Jackson county. June term, 1893.

W. I. Pike, for plaintiffs in error.

Erwin, Cobb & Woolley and R. S. Howard, *contra*.

Lumpkin, Justice.

Moss & Company brought an action against Martin as principal, and Griffeth and others as sureties, upon a promissory note, which was further secured by a mortgage on personalty executed by the principal. The sureties, among other things, pleaded that the payees,

after foreclosing the mortgage, had ordered the sheriff,. who was about to levy on a portion of the mortgaged property then within his reach, not to do so ; that thereafter this property was removed by the mortgagor, so that the sheriff could not again find it; that the mortgage *fi. fa.* was thus rendered inoperative to the extent of the property so removed; and that by this act on the part of the creditors, the risk of the sureties was increased,. and they were consequently discharged from all liability on the note. This plea was sustained by sufficient evidence. The case was tried by the judge without the intervention of a jury, who rendered a judgment in favor of the plaintiffs without making any deduction on account of the removal of the mortgaged property, as above stated. The sureties moved for a new trial on the general grounds that the judgment was contrary to law and the evidence, and their motion was overruled.

We think a new trial should have been granted. The act of Moss & Company was certainly one which increased the risk. of the sureties and exposed them to greater liability ; and therefore, under section 2154 of the code, they were at least discharged to the extent of the value of the property which the sheriff failed to seize and sell. The conduct of the creditors amounted to something more than a mere failure to sue as soon as the law allowed, and was not simply negligence in prosecuting with vigor their legal remedies; for it distinctly appears that they interfered actively in preventing a seizure and sale of the mortgaged property, the proceeds of which would have reduced the amount for which the sureties would be ultimately liable. The true doctrine seems to be " that if, when the execution is issued, it becomes a valid lien on property of the principal without any levy being made, and such lien is lost in consequence of the return of the execution without a levy by procurement of the creditor, and the surety is

thereby injured, he is discharged *pro tanto.*" 2 Brandt on Sur. & Guar. §438, and cases cited. This statement of the law is in accord with justice and common sense, and is, we think, within the spirit, if not the very letter, of the section of our code above cited.

The finding of the judge, under the evidence sub-- mitted, was therefore wrong, and a new trial is ordered.

*Judgment reversed.*