### WARD, administrator, *v.* MCLAMB.

TURNER, J.  1. Where an execution against a principal and sureties is levied on property of the principal which, on being claimed, is found subject, if the plaintiff receives therefor, irregularly and without a judicial sale, a sum less than its value, the sureties will be entitled to be discharged from said fi. fa. to the extent of the actual value of the property.  *Atlanta National Bank* v. *Douglass*, 51 *Ga.* 205, 209 ; *Lewis* v. *Armstrong*, 80 *Ga.* 402, 407 ; *Small* v *Hicks*, 81 *Ga.* 691 ; *Marshall* v. *Dixon*, 82 *Ga.* 437 ; *Griffeth* v. *Moss & Co.*, 94 *Ga.* 199 ; *Montgomery & Co.* v. *Martin*, Id. 219.

2. On the trial of an illegality, filed by one of the sureties on whose property the fi. fa. was levied, reciting, in effect, that the plaintiff in fi. fa. had released property of the principal defendant for the sum of ninety dollars, which was credited on the fi. fa., but which property was averred to be worth two hundred dollars, it was error for the judge to direct a verdict which, in effect, discharged the surety altogether.

*Judgment reversed.  All the Justices concur.*

Submitted October 6, — Decided October 30, 1903.

Affidavit of illegality.  Before Judge Seabrook.  Liberty superior court.  June 27, 1903.

The execution was for $290 principal, besides interest and costs. According to the affiant's evidence, $200 was the value of the property levied on and released ; the plaintiff testified that $90 was a fair price for it.  The jury, by direction of the court, rendered a verdict "in favor of the illegality."  The plaintiff made a motion for a new trial, on the grounds that the verdict was contrary to law and the evidence, and that the court erred in directing the verdict.  The motion was overruled, and he excepted.

*Donald Fraser,* for plaintiff, cited *Ga. Rep.* 80/27 ; 80/402 ; 84/472 ; 94/219.

*Garrard & Meldrim,* contra, cited Civil Code, § 2972 ; *Ga. Rep.* 10/235 ; 17/522 ; 51/498 ; 59/733 ; 89/385 ; 3/249.