MATHEWS *et al.* v. GELDERS.

ATKINSON, J. 1. By an affidavit of illegality a defendant may resist an execution which has been issued against him upon the foreclosure of a chattel mortgage and levied upon the mortgaged property, upon the ground that the mortgage debt had been fully paid and satisfied before the execution was issued. Civil Code, §2765.

2. When an execution is proceeding in the manner hereinbefore indicated, the defendant has a complete remedy at common law by affidavit of illegality. Where the defendant in fi. fa. does not file an affidavit of illegality, but seeks to enjoin a sale by the levying officer upon the ground that the mortgage debt had been paid, and the petition alleges that the execution is in process of enforcement in the manner indicated, and expressly waives discovery; and where, in response to such application, the defendant demurs upon the ground that the plaintiff has a complete remedy at common law by affidavit of illegality, it is erroneous for the judge to grant an injunction. *Roney* v. *McCall,* 128 *Ga.* 249, 57 S. E. 503; *Rogers* v. *Atkinson,* 1 *Ga.* 12; *Mitchell* v. *Cooper,* 73 *Ga.* 796.      *Judgment reversed. All the Justices concur.*

Submitted May 25,—Decided August 12, 1907.

Injunction. Before Judge Martin. Irwin superior court. July 18, 1906.

*Drew W. Paulk* and *E. Wall,* for plaintiffs in error.

*E. W. Ryman,* contra.