### 1155.   JORDAN *v.* FARMERS AND MERCHANTS BANK.

HILL, C. J. 1. "Mere non-action by the creditor will not release the surety, unless such non-action makes unproductive some collateral security, . . or is based upon a consideration paid by the principal debtor to the creditor, or he is not notified under the statute to collect the debt." *Lumsden* v. *Leonard,* 55 *Ga.* 374; Civil Code, § 2972.

2. Verbal requests, however urgent and frequent, by a surety to the creditor, to take action to collect the debt from the principal debtor, will not relieve the surety. To avail the surety, the request or notice to the creditor to collect the debt out of the principal debtor must be in writing and in conformity to the statute on that subject. Civil Code, § 2974; *Souter* v. *Bank,* 94 *Ga.* 713 (20 S. E. 111).

3. A creditor who holds an execution against both principal and surety may, at his election, proceed against the property of either. *Manry* v. *Sheppard,* 57 *Ga.* 68.

4. The failure or refusal of the creditor to prove the debt in bankruptcy against the principal debtor will not discharge the surety. Bankruptcy act of 1898, § 16, 30 St. 550 (U. S. Comp. St. 1901, p. 3428).

5. Where an affidavit of illegality has been dismissed on demurrer, for

insufficiency, the jury may be authorized to infer therefrom that it was filed for delay only; and a verdict assessing damages at less than twenty-five per cent. of the principal debt, in favor of the plaintiff in execution and against the defendant in execution, for delay, will not be disturbed, where there is any evidence to support it, unless for some material error of law. Civil Code, §4739.

6. Assignments of error, not insisted on or alluded to in the argument or brief, will be treated as abandoned.

7. No error appears, and the verdict was fully authorized.

*Judgment affirmed.*

Illegality, from city court of Sandersville—Judge Brannen presiding. March 25, 1908.

Argued July 2,—Decided November 25, 1908.

*E. L. Stephens,* for plaintiff in error.

*G. H. Howard, Hines & Jordan,* contra.