### 13798.  DASHER *v.* BRANNEN & BROTHER.

BROYLES, C. J.  1.  " The relation of principal and surety continues after judgment in favor of the creditor, against both principal and surety " (*Curan* v. *Colbert*, 3 *Ga.* 239 (3), 46 Am. D. 427), and " any act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk, or exposes him to greater liability, will discharge him."  Civil Code (1910), § 3544.  " When the

defendant has given bond and security as provided in this code, . . the judgment rendered against him in such case shall bind *all his property,* . . and execution shall issue accordingly." (Italics ours.) Civil Code (1910), § 5121.

2. In the instant case the surety upon a replevy bond filed an affidavit of illegality to the levy of a fi. fa. upon property belonging to him. One ground of the affidavit was that the surety was released because certain described personal property of the principal had been carried outside the county by the plaintiffs in fi. fa., and beyond reach of their judgment, thereby increasing the risk of the surety. Under the foregoing ruling this ground set up a good defense for the surety, and the court erred in striking it on general demurrer.

3. The remaining grounds of the affidavit of illegality were properly stricken on general demurrer.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 14, 1922. ADHERED TO ON REHEARING, DECEMBER 14, 1922.

Affidavit of illegality of execution; from city court of Swainsboro — Judge Kirkland. June 19, 1922.

*T. N. Brown, F. H. Saffold,* for plaintiff in error.

*A. S. Bradley, Anderson & Trapnell,* contra.

ON REHEARING.

BROYLES, C. J. The ground of the affidavit of illegality, which set up that the surety was released because certain described personal property of the principal had been wrongfully and unlawfully carried outside of the county by the plaintiffs in fi. fa., showed also that the value of such property was less than the amount of the judgment in favor of the plaintiffs in fi. fa. This act of the plaintiffs in fi. fa., therefore, while it increased the risk of the surety, did not discharge the surety from *all* liability, but did discharge him to the extent of the value of the property carried beyond the jurisdiction of the court. The fact that the ground of illegality alleged that because of this increased risk of the surety he was discharged from *all* liability did not warrant the court in striking the ground on general demurrer. See, in this connection, *Griffeth* v. *Moss,* 94 *Ga.* 199, 200 (21 S. E. 463).

Nor. can we agree with the contention of counsel for the defendants in error that the record shows that the defendants in error had title to *all* of the property which it was alleged they wrongfully removed beyond the limits of the county.

The ruling in paragraph 2 of the decision is modified as set forth above.

*Judgment adhered to. Luke and Bloodworth, JJ., concur.*