## HOSIER et al. v. UNITED STATES. *

### No. 6606.

Circuit Court of Appeals, Fifth Circuit.

April 19, 1933.

*Rehearing denied June 9, 1933.

658

See, also, 50 F.(2d) 971.

Frank J. Looney and Thos. W. Robertson, both of Shreveport, La., for appellants.

Philip H. Mecom, U. S. Atty., and Elmer A. Mottet, Asst. U. S. Atty., both of Shreveport, La., for the United States.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellants Hosier and Reno were convicted of a conspiracy to manufacture, possess, transport, and sell intoxicating liquor in violation of the National Prohibition Act (27 USCA § 1 et seq.). They contend here that the trial court erred (1) in denying their motion to quash the indictment; (2) in overruling an objection to a question propounded to S. W. Vance, a Government witness; and (3) in sustaining an objection to a question propounded to J. S. Barkman, a witness called by appellants.

The indictment charges that appellants conspired with each other, and with a number of named persons who were not indicted. It then in a separate paragraph proceeds to allege the manner in which Hosier, a regular deputy sheriff, and Reno, a special deputy sheriff, planned to carry out the conspiracy. The so-called grounds of the motion to quash were that the indictment failed to allege why the parties, other than appellants, who were named as coconspirators were not indicted, and that such other parties, since they were coconspirators, could not be used as witnesses against appellants.

Vance, after having testified that his and Reno's telephones were on the same party line, and that by listening in he had heard Reno talking over his telephone to other parties, was asked "what was the subject of these conversations?" Objection to this question was overruled and witness answered, "Well, some of them was receiving or giving orders for whiskey." Barkman, the witness for appellants, having testified that he had been a prohibition agent in the parish in which Hosier was a deputy sheriff, was asked if Hosier "had attempted in any way to conceal or to cover up or hide any law violations in the liquor business" in that parish. The government's objection to the question was sustained.

It was not error to deny the motion to quash, since, of course, a defendant who is indicted cannot complain because some one else might have been but was not indicted, or might be called in the future as a witness against him. Appellants, without relying on the motion as made, now take the position for the first time that the indictment is duplicitous. They do not contend that the first part which attempts to allege a conspiracy is insufficient, but argue that the separate paragraph setting out the manner and means in and by which the conspiracy was to be effectuated charges a separate and distinct conspiracy. Ordinarily, a motion to quash is addressed to the discretion of the trial court, and is not the subject of review by an appellate court. See Gay v. United States (C. C. A.) 12 F.(2d) 433, and authorities there cited. The new ground now sought to be added to the motion was not urged before the trial court, and so there was no abuse of discretion; nor should it be considered here because of mere formal or technical defects in the indictment which do not affect the substantial rights of appellants. 28 USCA § 391. But in our opinion the indictment is not duplicitous. Only one conspiracy is alleged. The manner and means of carrying it out, although they need not have been stated, could not possibly have prejudiced the substantial rights of appellants.

The ground of the objection to Vance's testimony is that he was permitted to say

that a person other than Reno received orders for liquor. We do not so interpret the question or the answer. Vance said that he overheard Reno and others talking and that the subject discussed in some of the conversations was whisky. Vance meant, as it seems to us, to say that Reno was always a party to these conversations. At any rate any ambiguity could easily have been cleared up on cross-examination. We are not to be understood as intimating that the conversations would have been inadmissible even though some one other than Reno had been taking orders for liquor over Reno's telephone in furtherance of the conspiracy. Barkman could not possibly have known whether Hosier had ever attempted to conceal violations of the National Prohibition Act (27 USCA § 1 et seq.). A character witness is not permitted to testify concerning particular conduct, but under a long established rule of evidence is required to base his testimony as to character on general reputation. In our opinion no error is shown in the rulings upon the admission or rejection of evidence.

The judgment is affirmed.