22598. GORMLEY, superintendent of banks, *v.* WALTON.

Decided August 31, 1933. Rehearing denied September 13, 1933.

*C. N. Davie, Jones, Johnston, Russell & Sparks, Mallory C. Atkinson,* for plaintiff.

*E. H. George,* for defendant.

Broyles, C. J. On December 17, 1926, an assessment was made against Mrs. S. R. Walton as a stockholder in the Bank of Morgan County, the bank being then in liquidation—its assets having been taken over by T. R. Bennett, superintendent of banks. On January 17, 1927, a stock-assessment fi. fa. was issued against Mrs. Walton by A. B. Mobley, superintendent of banks, who had succeeded T. R. Bennett. On March 24, 1928, the fi. fa. was levied by the sheriff of Morgan county on described real estate of Mrs. Walton, and on April 5, 1932, Mrs. Walton filed the following affidavit of illegality (formal parts omitted) : "1. Said execution

is not based upon a valid assessment or judgment of assessment made by the banking department of said State or by any superintendent of banks, as the law requires. If valid, the judgment, not the execution, is the lien under which property may be sold. There is no lien in this case upon the property plaintiff is seeking to sell, because there is no valid judgment upon which said execution issued. For that reason said execution is proceeding illegally against this defendant. 2. Said purported assessment is illegal, because it was made, if made at all, under the provisions of sec. 20, art. 7 of the Banking Act of 1919, which provisions are unconstitutional, being violative of art. 1, sec. 1, par. 3 of the constitution of this State, which provides that no person shall be deprived of his property without due process of law. Said sec. 20 of said act provided that the superintendent of banks 'shall (within 90 days) make a careful estimate of the value of the cash assets of said bank which can probably be converted into cash within one year and of the amount of said cash assets which will be available to pay depositors; and he shall immediately thereupon make an assessment upon the stockholders of said bank sufficient, when added to the cash assets so available for depositors, to pay said depositors in full. Notice of said assessment shall be given by mail to each of said stockholders of said bank, and, if any stockholder so notified shall refuse or neglect to pay any such assessment within thirty days after the levy of such assessment and notice thereof, the superintendent of banks shall issue an execution against such stockholder for the amount of such assessment, which shall be enforced in like manner as executions issued by the superior courts of this State upon judgments regularly rendered by said courts.' Under said provisions the stockholder of a liquidating bank can not contest the estimate by the superintendent of banks or the amount or necessity thereof, can not be heard in the matter at all, but must accept said estimate and the amount of said judgment of assessment as final, and pay the same or suffer the sale of his property without having his day in court, which the constitution guarantees to every citizen. Said act empowers said superintendent of banks to issue a summary process, equal to judgments of the superior courts of this State, a power greater than that of said courts, which can not make a judgment until the defendant has had full opportunity to be heard. Plaintiff in this case has so proceeded against this defendant and

is now seeking to deprive her of her property without due process of law and in violation of her constitutional rights. Any provision of said act for a later refund of an over-assessment does not obviate its violation of the constitution of this State. A temporary deprivation of a citizen's property without due process of law is as much a violation of the constitution as a permanent deprivation without due process of law. For the foregoing reasons said execution is proceeding illegally against this defendant."

On June 6, 1932, when the case was tried in the superior court, R. E. Gormley had succeeded A. B. Mobley as superintendent of banks. Issue being joined, the plaintiff in fi. fa. moved to dismiss the affidavit of illegality on the general ground that it set up no defense as a matter of law to the fi. fa., and upon the following special grounds: "1st, that paragraph 1 of the affidavit was no more than a general statement that said fi. fa. was proceeding illegally and was insufficient as a matter of law to raise any defense; and 2d, that paragraph 2, wherein it was alleged that section 20, article 7 of the banking act of 1919 was unconstitutional because violative of article 1, section 1, paragraph 3 of the constitution of this State, known as the due-process-of-law clause, set up no defense to the stock-assessment fi. fa., because the section of the banking act alleged to be unconstitutional was not as a matter of law unconstitutional, but was as a matter of law constitutional." The defendant in fi. fa. thereupon offered an amendment to her affidavit of illegality, and the amendment was allowed, over the objection of the plaintiff in fi. fa. "that the original affidavit of illegality set up no defense to the stock-assessment fi. fa. and contained nothing to amend by." The amendment allowed, amending paragraph 2 of the original affidavit (formal parts omitted), was as follows: "The execution in this case purports to be issued upon an assessment or judgment of assessment, when as a matter of fact defendant says on oath, to the best of her knowledge and belief, said execution is [not?] based on an assessment or judgment of assessment at all, because the superintendent of banks made no assessment or judgment of assessment against the stockholders of the Morgan County Bank or against the defendant. Defendant did not know of this ground of illegality, and could not discover it when she filed her original affidavit of illegality." The plaintiff in fi. fa. excepted to the judgment allowing the amendment; and renewed its motion to

dismiss the affidavit of illegality as amended, on all the grounds urged against the original affidavit. The motion was overruled, and to that judgment exception was duly taken. The court then rendered final judgment sustaining the affidavit of illegality and dismissing the levy, on the ground that section 20, article 7, of the banking act of 1919 was unconstitutional, and that the assessment made thereon was for that reason illegal, and therefore that the stock-assessment fi. fa. issued thereon was proceeding illegally. To the final judgment the plaintiff in fi. fa. excepted.

■ It is well settled, under numerous decisions of the Supreme Court, that ordinarily, where a constitutional question is properly raised in a case, that court, and not this court, has jurisdiction of the case. However, it has also been repeatedly ruled by the Supreme Court that where the constitutional question involves merely the *application* by the Court of Appeals of the construction of some part of the State or Federal constitution already given by the Supreme Court, this court, and not the Supreme Court, has jurisdiction of the case. Subsequent to the constitutional amendment of 1916, the Supreme Court, in passing on the jurisdiction of the Court of Appeals, made the following ruling: "The words 'construction of the constitution,' etc., as here employed [in the constitutional amendment] contemplate construction where the meaning of some provision of the constitution is directly in question, and is doubtful by force of its own terms or under the decisions of the Supreme Court of the United States or of the Supreme Court of Georgia; and the provision of the constitution in which they are employed is not to be construed as denying to the Court of Appeals jurisdiction of cases which involve *mere application* [italics ours] of unquestioned and unambiguous provisions of the constitution to a given state of facts. See *Fews* v. *State,* 1 *Ga. App.* 122 (58 S. E. 64); *Cox* v. *State,* 19 *Ga. App.* 283, 289 (91 S. E. 422)." *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114, 117 (99 S. E. 374). See also *Howell* v. *State,* 153 *Ga.* 201 (111 S. E. 675); *Wright* v. *So. Ry. Co.,* 28 *Ga. App.* 545, 547, 548 (112 S. E. 171). In a case dealing with a request to certify to the Supreme Court a question, this court held: "A request to certify a question to the Supreme Court will not be granted by this court, *even where the question involved is as to the constitutionality of a law,* unless the decision of that question is essential to the determination of

470

the case; *and in no case will a question be certified where the point involved has been frequently settled by previous adjudications of the Supreme Court, and in order to obtain a repetition of the former decision.*" (Italics ours.) *Middleton* v. *State*, 7 *Ga. App.* 1 (4) (66 S. E. 22). Furthermore, we are in accord with the following argument presented in the brief of counsel for the plaintiff in error: "'But we see no necessity of *repeated* adjudications if there has actually been *an* adjudication by the Supreme Court. If the rule were otherwise, any case could be taken to the Supreme Court merely by injecting into it a perfectly ridiculous attack upon some valid law of the State [which had already been held valid by a decision of the Supreme Court]. The Supreme Court should have jurisdiction of a case where there is some possible merit in the attack, and where the question has never been decided by the Supreme Court. We do not see that it makes any difference whether the trial court holds the act to be constitutional or unconstitutional. If it is a question which has been settled for the trial court and for the Court of Appeals by a previous adjudication of the Supreme Court, then the case should go to the Court of Appeals.'"

The constitutional question involved in the instant case is whether section 20 of article 7 of the banking act of 1919 (Ga. L. 1919, p. 135) is violative of article 1, section 1, paragraph 3 of the constitution of this State, which provides that no person shall be deprived of his property without due process of law? The identical question was before the Supreme Court in *Bennett* v. *Wheatley,* 154 *Ga.* 591 (115 S. E. 83), and the majority of the court (in a four to two decision) held that the section was not unconstitutional. That decision is not in conflict with any older adjudication of the Supreme Court and has not been overruled or modified by any subsequent decision of that court. It is true that subsequently the same question was presented to the Supreme Court in *Bennett* v. *Schwarz, 154 Ga.* 885 (116 S. E. 306), and in *Bennett* v. *American Bank & Trust Co., 162 Ga.* 718 (134 S. E. 781). In each of those cases the trial judge, notwithstanding the ruling of the Supreme Court in the *Wheatley* case, supra (which was clearly binding as a precedent upon all the trial courts of this State), held that section 20 of the act in question was unconstitutional; and both judgments were affirmed by operation of law, the Justices of the Supreme Court dividing three to three upon the

question. However, it is obvious that the affirmation by operation of law of those judgments could not and did not amount to an overruling or a modification of the adjudication in the *Wheatley* case, supra. The only distinction between unanimous and majority decisions of the Supreme Court (as the court is now constituted) is that unanimous decisions can not be overruled or modified except by the concurrence of six Justices, while majority decisions can·be overruled or modified by a concurrence of a majority of the Justices, or may be compelled to yield to later decisions in conflict with them. Civil Code (1910), § 6207; *Holmes* v. *So. Ry. Co.,* 145 *Ga.* 172, 174 (88 S. E. 924, Ann. Cas. 1918A, 1182). Nevertheless, majority decisions of the Supreme Court which have not been so overruled or modified and which are not in conflict with any older adjudication of that court are decisions "rendered after due deliberation and should have weight as such" (*Edwards* v. *State,* 123 *Ga.* 542, 544, 51 S. E. 630), and are binding as precedents upon the Court of Appeals and all trial judges of this State. *Holmes* v. *So. Ry. Co.,* supra. The Supreme Court in the *Wheatley* case, supra, having clearly and specifically construed, in a decision concurred in by four Justices, the part of the constitution of this State which is involved in the instant case, and that decision not being in conflict with any other adjudication of the Supreme Court, and never having been overruled or modified by any subsequent decision of that court, and being binding as a precedent on this court, and it not being necessary for the Court of Appeals to construe the constitutional provision in question, but merely to apply the construction thereof as already made by the Supreme Court, this court has jurisdiction of the case, and the motion of the defendant in error to transfer it to the Supreme Court is denied.

■ The original affidavit of illegality was based solely on the contention that section 20 of article 7 of the banking act of 1919 (Ga. L. 1919, p. 135) was void because it violated the "due-process-of-law" provision of the constitution of this State. In view of the decision of the Supreme Court in *Bennett* v. *Wheatley,* supra (which is binding as a precedent on all the trial courts of this State), that section 20 of the banking act in question was not violative of the "due-process-of-law" provision of our State constitution, the affidavit of illegality showed upon its face as a matter of law that it set up no defense whatsoever to the stock-assess-

ment fi. fa., and that it contained nothing to support an amendment thereto. See, in this connection, *Moss* v. *Anderson,* 10 *Ga. App.* 784 (74 S. E. 299); *Henderson* v. *Swift Fertilizer Works,* 16 *Ga. App.* 448 (85 S. E. 613). The trial court, therefore, erred in overruling the motion of the plaintiff in fi. fa. to dismiss the original affidavit of illegality, and also erred in allowing the proffered amendment thereto; and these errors rendered the further proceedings in the case nugatory.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*