SCOTT, executor, *v.* GAULDING.

No. 12500.   MARCH 9, 1939.

*Shackelford & Shackelford* and *Miller & Lowrey,* for plaintiff in error.

*Rupert A. Brown* and *Clara E. Smith,* contra.

REID, Chief Justice. The Court of Appeals certified the following question: "Does the mere failure of the payee of a note, who is the holder thereof, to institute suit to recover on the note against one of the sureties thereon, before the expiration of the period of limitation in which suit must be brought against this surety, amount to a release by the payee of the obligation to him of a co-surety on the note whose obligation is not barred by the statute of limitations, where the payee's act in refraining from instituting the suit as indicated was not procured by or consented or agreed to by the latter surety? Code, § 103-203; *Wilkinson* v. *Conley,* 133 *Ga.* 518 (2) (66 S. E. 372); *Comer* v. *Dufour,* 95 *Ga.* 376, 379 (22 S. E. 543, 30 L. R. A. 300, 51 Am. St. R. 89); *Jones* v. *Whitehead,*

4 *Ga.* 397; 50 C. J. 188, § 312; Camp *v.* Bostwick, 20 Ohio St. 337 (5 Am. R. 669); Martin *v.* Frantz, 127 Pa. St. 389 (14 Am. St. R. 859); Davis *v.* Auxier (Ky. App.), 41 S. W. 767; Staples *v.* Gokey, 34 Hun (N. Y.), 289; McVeare *v.* Scott, 46 Barb. (N. Y.) 379; People *v.* Whittemore, 253 Ill. 378 (7) (97 N. E. 683).

It is declared in the Code, § 103-203 : "Any act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk, or exposes him to greater liability, shall discharge him; a mere failure of the creditor to sue as soon as the law allows, or neglect to prosecute with vigor his legal remedies, unless for a consideration, shall not release the surety." In *Wilkinson* v. *Conley,* supra, the creditor brought an action against the principal and one of several sureties on an administrator's bond, and upon payment by the surety of a sum less than the full amount of the debt the suit as to him was dismissed. Thereafter the creditor filed suit against another surety, who pleaded that he was discharged because of the conduct of the creditor in dismissing the suit theretofore instituted against the other surety. The court ruled : "The dismissal as to one surety of a suit already brought, for a consideration paid by him, and not bringing any further action against him, constituted such conduct as released the other surety on the administrator's bond, especially if the first surety had removed from the State and further action against him had become barred by the statute of limitations." It is to be observed that the question certified does not involve the dismissal of a suit brought against a surety for a consideration, but on the other hand it involves a mere failure of the creditor to pursue another surety. We do not think that this case requires an affirmative answer to the question certified. In *Comer* v. *Dufour,* supra, it was ruled that an accommodation indorser of a check was discharged where there was a delay in the process of collection on the part of the collecting agent of the bank which cashed the check. This case also presents a different case from that involved in the question certified. The headnote in *Jones* v. *Whitehead,* 4 *Ga.* 397, is as follows : "Where one of two sureties is discharged by any act or omission of the creditor, the other surety is also discharged." It appeared in that case that one of several sureties on the obligation had given to the creditor the statutory notice to sue, and that the creditor had failed to comply therewith. The ruling just quoted must be considered

in the light of the facts presented; and when so viewed it does not require a ruling that where a surety on a note is discharged from liability to the creditor because of the bar of the statute of limitations, the remaining sureties are also discharged, although as to them the statute had not run.

In 50 C. J. 188, the text is as follows: "There is a conflict of authority as to whether a surety is discharged merely because the cause of action against the principal is barred, some courts holding that he is not discharged, others holding that he is. [In *Reid* v. *Flippen,* 47 *Ga.* 273, it was held that in such case the surety is not discharged.] A surety is not discharged because the statute of limitations has run in favor of a cosurety; but he remains liable for the whole debt." In Davis *v.* Auxier, supra, it was held that "One of two sureties is not released because the creditor allows the action to become barred by the statute of limitations." Similar rulings were made in McVeare *v.* Scott, 46 Barb. (N. Y.) 379, Staples *v.* Gokey, 34 Hun (N. Y.), 289. The cases of Camp *v.* Bostwick, 20 Ohio St. 337, and Martin *v.* Frantz, 127 Pa. St. 389 (18 Atl. 20, 14 Am. St. R. 859), involved the question whether a surety who pays the debt, and as to whom the statute of limitations has not run, may seek contribution from a cosurety where, at the time of payment, the statute had run as to such cosurety. In both cases the question was answered in the affirmative. In People *v.* Whittemore, 253 Ill. 378 (supra), it was held: "The facts that no suits were brought against certain of the solvent sureties on a State treasurer's bond during their lifetime, and that the claims against their estates are barred by the statute of limitations, do not release a cosurety from a liability, which is otherwise enforceable, for a breach of such State treasurer's bond." It was further said: "In the absence of any statutory provision, all that a surety has a right to require of his creditor is that no affirmative act shall be done that will operate to his prejudice." We are of the opinion that the cases of Davis *v.* Auxier, McVeare *v.* Scott, Staples *v.* Gokey, and People *v.* Whittemore, supra, correctly decide the question presented here, under the rule as it exists in this State, and therefore that the question certified should be answered in the negative.

The answer to the question presented can not be made to rest on whether or not the surety may enforce contribution against his cosurety as to whom the statute of limitations had barred any action

by the creditor on the note, as to which there seems to be a conflict in the authorities. *McLin* v. *Harvey*, 8 *Ga. App.* 360 (69 S. E. 123) ; 50 C. J. 290; 21 R. C. L. 1143; Frew *v.* Scoular, 101 Neb. 131 (162 N. W. 496, L. R. A. 1917F, 1065, 1074, note). Cf. *Reid* v. *Flippen*, 47 *Ga.* 273; *Latham* v. *Kolb*, 76 *Ga.* 291; *Bigby* v. *Douglas*, 123 *Ga.* 635 (51 S. E. 606) ; *Train* v. *Emerson*, 141 *Ga.* 95 (80 S. E. 554, 49 L. R. A. (N. S.) 950) ; *Harrison* v. *Citizens &* *Southern National Bank*, 185 *Ga.* 556 (195 S. E. 750). But it rests on the broad ground that in such case the surety is not discharged where there has been no affirmative act committed by the creditor. See Staples *v.* Gokey, supra.

In *Curan* v. *Colbert*, 3 *Ga.* 239, 248 (46 Am. D. 427), it was said : "*Mere indulgence*, unless given upon a new and distinct consideration, or unless given under such a binding obligation as precludes the creditor from pursuing his remedies on the debt, will not discharge the surety. *Mere forbearance to sue or to call upon the principal for the money will not discharge the surety;* for such forbearance may be beneficial to both parties." In *Lumsden* v. *Leonard*, 55 *Ga.* 374, 376, it was said : "Some *act* must be done by the creditor, either before or after judgment, which injures the surety in some way; mere failure or negligence on the part of the creditors will not relieve the surety. And the exceptions to this general rule will be found to be where the creditor omits to do something by which some collateral security in his hands is made unproductive, or where he is notified under the statute to proceed, and he fails or refuses." See also *Davenport* v. *State Banking Co.*, 126 *Ga.* 136 (54 S. E. 977, 8 L. R. A. (N. S.) 944, 115 Am. St. R. 68, 7 Ann. Cas. 1000) ; *McMillan* v. *Heard National Bank of Jacksonville*, 19 *Ga. App.* 148 (91 S. E. 235). As was aptly pointed out in *Williams* v. *Kennedy*, 134 *Ga.* 339, 344 (67 S. E. 821) : "There is a difference between a case where the risk or liability of a surety is increased, or he is injured, by a positive act of a creditor, and one where his risk or liability is increased, or he is injured, by the mere failure of the creditor to act. Especially does this difference exist where the conduct of the creditor in failing to take action relates to the pursuit of his legal remedy."

The rulings of the courts of this State have uniformly adhered to the above-quoted principles. Thus in *Crawford* v. *Gaulden*, 33 *Ga.* 173, it was held that the failure of the creditor to levy an ex-

ecution from a judgment against the principal did not result in discharge of the sureties, although it appeared that the surety may have actually suffered injury. The court said: "Where there has been no levy made upon the property of a principal in judgment, and no notice given by the surety to proceed against the property of his principal, the rules of law regarding forbearance are the same after judgment as before." In *Lumsden* v. *Leonard,* supra, it was ruled that "The neglect by the judgment creditor for four years to levy upon real estate sold by the principal debtor to a purchaser, who holds possession until the real estate sold is discharged from the lien of the judgment, will not discharge the surety, though such real estate be sufficient to satisfy the fi. fa., there being no proof, or offer to prove, that the judgment creditor was notified in writing, or otherwise, to levy, and no tender of expenses by the surety." In *Williams* v. *Kennedy,* supra, it was held that the failure of the creditor to place an execution against the principal and the sureties on the general execution docket within ten days, thereby permitting to be lost the lien of the judgment on the property of the principal and other sureties by reason of their having disposed of their property subject to the judgment, after its rendition, to purchasers acting in good faith and without notice of such judgment, did not discharge another surety. In *Higdon* v. *Bell, 25 Ga. App.* 54 (102 S. E. 546), the court ruled that the failure of the creditor to prove his claim against the principal in bankruptcy proceedings by the principal did not discharge the surety "for the reason that the creditor's mere non-action or failure to prosecute with vigor his legal remedies will not release the surety, unless based upon a consideration paid by the principal debtor to the creditor, or unless the creditor is notified under the statute to collect the debt." In *Chapman* v. *Miller, 40 Ga. App.* 138 (149 S. E. 70), it was held that the fact that the executor of the estate of the creditor did not attempt to collect on a certificate of deposit for several years, and that at the time of the suit against the sureties the bank had become insolvent, did not operate to discharge the sureties.

While sureties are persons favored by the law, and their rights are especially and zealously guarded both at law and in equity, yet the relationship creates certain burdens upon a surety, chief of which is that a surety must himself move to protect his rights, and not rely on the creditor to do it for him. The mere failure to

bring suit on the obligation and enforce its collection from the principal or another surety is not such an act, within the meaning of the statute, as will discharge the surety, although he may suffer injury thereby. The law enjoins on the creditor no duty to sue. It gives the surety ample means to protect himself. He may pay the debt and proceed against the principal or the remaining sureties. He may give the creditor written notice to sue. He can not accept the indulgence of the creditor, make no attempt to fulful his obligation thereunder by paying the debt when it falls due and is not paid by his principal, and then, after the statute has barred any action by the creditor against his cosurety, obtain a discharge from his obligation. In such case payment is the best discharge. The question propounded by the Court of Appeals is answered in the negative. *All the Justices concur.*