FRANKLIN *v.* MOBLEY, superintendent of banks, for use, etc.; *et vice versa.*

Nos. 15755, 15756.   May 15, 1947.

*Booth & Preston,* for plaintiff in error.

*Hugh R. Kimbrough,* contra.

BELL, Justice. ■ The first question for determination is whether the case is one that comes within the jurisdiction of this court, and more particularly within the clause of the Constitution providing that the Supreme Court shall have jurisdiction "in all cases that involve the construction of the Constitution of the State of Georgia." Code, § 2-3005; Code, Ann. Supp., § 2-3704. As to jurisdiction of the Court of Appeals, see Code, § 2-3009; Code, Ann. Supp., § 2-3708.

The affidavit of illegality by which the case originated, being a

second affidavit, sought construction of three provisions of the Constitution of 1945, as follows:

"All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Art. 7, Sec. 1, Par. 3; Ga. L. 1937, p. 40; Ga. L. 1945, p. 58; Code, Ann. Supp., § 2-5403.

"Authority is granted to counties to establish and maintain public schools within their limits. Each county, exclusive of any independent school system now in existence in a county, shall compose one school district and shall be confined to the control and management of a County Board of Education. . . The General Assembly shall have authority to make provision for local trustees of each school in a county system and confer authority upon them to make recommendations as to budgets and employment of teachers and other authorized employees." Art. 8, Sec. 5, Par. 1; Ga. L. 1945, p. 79; Code, Ann. Supp., § 2-6801.

"The fiscal authority of the several counties shall levy a tax for the support and maintenance of education not less than five mills nor greater than fifteen mills (as recommended by the County Board of Education) upon the dollar of all taxable property in the county located outside independent school systems." Art. 8, Sec. 12, Par. 1; Ga. L. 1945, p. 81; Code, Ann. Supp., § 2-7501.

The debt in question was for money borrowed from a bank by Pulaski School District, Candler County, in 1927, for which debt the present defendant in fi. fa. and three other persons were sureties. The defendant contends, in effect, that in view of the foregoing provisions, the Constitution of 1945 repealed all previously existing statutes and constitutional provisions which made possible the collection of a debt of this nature against a local school district; and that, since there is now in existence no remedy or machinery for the enforcement of such debt against the school district, it was extinguished as to the school district by the adoption of such Constitution of 1945. The defendant also invokes the following provision of law, as contained in the Code, § 103-102: "The obligation of the surety is accessory to that of his principal, and if the latter from any cause becomes extinct, the former shall cease, of course, even though it is in judgment." And he alleges further that the debt has likewise become extinct as to himself as surety, since, if he should be required to pay it, he would have no means of reimbursing himself.

In *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374), this court, construing the above-mentioned provisions of the Constitution as to jurisdiction of the Supreme Court and the Court of Appeals, said: "The Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the Constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty." Under this rule, we hold that this court and not the Court of Appeals has jurisdiction of the instant case. However, this conclusion as to jurisdiction does not mean that a decision upon the constitutional questions raised in the record must necessarily be made, or will be made, in reaching a correct solution of the case. See *Burns* v. *State,* 191 *Ga.* 60 (1, 4), 65 (11 S. E. 2d, 350); *Florida State Hospital* v. *Durham Iron Co.,* 192 *Ga.* 459 (15 S. E. 2d, 509); *Brockett* v. *Maxwell,* 200 *Ga.* 213 (36 S. E. 2d, 638).

It may not be amiss to mention at this point that the record does not present any question as to whether any or all of the foregoing provisions of the Georgia Constitution could, consistently with the United States Constitution, render extinct a previously existing debt, but in so far as these provisions are concerned the only questions here raised are as to their proper construction or meaning. Compare *Morris* v. *Interstate Bond Co.,* 180 *Ga.* 689 (180 S. E. 819, 100 A. L. R. 415); *Atlantic Loan Co.* v. *Peterson,* 181 *Ga.* 266 (182 S. E. 15); *Wheeler* v. *Board of Trustees of Fargo School District,* 200 *Ga.* 323 (37 S. E. 2d, 322).

■ Even if it should be held that the provisions of the Constitution of 1945, upon which the defendant in execution relies, did abolish all remedies for the collection of this debt, as insisted by him, it would not follow that the debt itself would be extinct within the meaning of the Code, § 103-102, supra. When the law speaks of a right or obligation as being extinguished, it means that it is completely destroyed, or annihilated. The debt here is still in existence as a debt of the school district, even assuming that there are no present remedies for its collection. See, in this

connection, 25 C. J. 229-30; 35 C. J. S. 293-94; 15 Words & Phrases (Perm. ed.) 387.

Similar questions have been presented in cases involving debts that were barred by statutory limitation. For instance, it has been held that, where a deed was given to secure a debt, the debt until actually paid will continue to be a sufficient support for the deed, even though it has itself become barred by the statute of limitations. *Kirkpatrick* v. *Faw*, 182 *Ga.* 25 (184 S. E. 855). "Lapse of time, even to the extent that all legal remedies of the creditor would be barred, would not operate as a redemption of the land and revest the title in the grantor or his heirs." *Shumate* v. *McLendon*, 120 *Ga.* 396 (7), 400 (48 S. E. 10). Also, in the following cases it was held in effect that a debt does not become extinct merely because it has become barred by limitation. *Reid* v. *Flippen*, 47 *Ga.* 273; *Langston* v. *Aderhold*, 60 *Ga.* 376; *Scott* v. *Gaulding*, 187 *Ga.* 751 (2 S. E. 2d, 69, 122 A. L. R. 200). In the *Langston* case, supra, it was said that: "The statute goes to the remedy, and does not act directly upon the right. The right remains intact. In conscience, the contract is as binding after the remedy is barred, as it was before the bar attached."

While it may be that none of these cases are directly in point, they do support the view, some perhaps more strongly than the others, that even if all remedies for enforcing the original obligation of the Pulaski School District should be held abolished or repealed by the Constitution of 1945, the debt itself would not be thereby rendered extinct within the purview of the Code, § 103-102.

Moreover, in *Phillips* v. *Solomon*, 42 *Ga.* 192, this court, in holding that the discharge in bankruptcy of a principal debtor would not operate to discharge a surety, stated that what is now section 103-102 (then section 2121 of the Code of 1868) was a mere affirmance of the common law, and that the words, "from any cause," meant any cause dependent on the act or negligence of the creditor, and did not "include a cause in which the law was the mover, and over which the creditor had no control, and [with] which his acts had nothing to do;" such being the rule at common law, as shown in the opinion. See also 50 C. J. 93, 188, §§ 150, 311. It does not appear that the creditor is any more responsible for the situation that now exists than is the surety himself, the de-

fendant in fi. fa. While sureties are persons favored by the law and their rights are zealously guarded both at law and in equity, yet the law imposes certain burdens upon the surety to protect himself, and affords means for such protection. See *Scott* v. *Gaulding,* 187 *Ga.* 751, 755, 756 (supra).

In view of what has been said in this division, the court did not err in sustaining the general demurrer and dismissing the affidavit of illegality; and this is true regardless of whether the defendant in fi. fa. is correct or incorrect in his contentions as to abrogation of remedies. This conclusion renders it unnecessary to make any ruling or decision as to the proper construction of the constitutional provisions mentioned in the affidavit of illegality, as related to the contentions therein urged; and, accordingly, no such decision will be made. See *Oliver-McDonald Co.* v. *Swift & Co.,* 157 *Ga.* 102 .(120 S. E. 543); s. c. 159 *Ga.* 1 (124 S. E. 525).

In the cross-bill of exceptions, the plaintiff in fi. fa. complains that the court, after striking the affidavit of illegality, erred in refusing to impanel a jury for immediate trial of the plaintiff's claim for damages. According to the judge's order, he considered that the claim was prematurely urged. It was probably his view that the claim for damages should not be tried until after a decision by the court of review as to whether the affidavit of illegality had been properly dismissed.

The affidavit itself was triable at the first term. Code, § 39-1006. Also, there are two other sections of the Code that should be considered in this connection. "Whenever a claim shall be dismissed for insufficiency or withdrawn, plaintiff in execution may have a case made up and submitted to the jury, charging that said claim was filed for the purpose of delay, and upon proof of the same—the defendant and claimant having the same power to resist as in claim cases where damages are claimed—the jury, under instructions from the court, may give damages as in cases where the claim is not withdrawn but submitted for trial to the jury; said cases so submitted shall be tried at the time of the disposal of the claim if the parties are ready, but continuances shall be granted as in other cases." Code, § 39-906. "Upon the trial of an issue formed on an affidavit of illegality filed in the superior courts, the jury trying the case shall have power to assess such damages, not exceeding 25 percent, as may seem reasonable and just,

upon the principal debt, provided it shall be made to appear that such illegality was interposed for delay only. Whenever an illegality may be dismissed for insufficiency or informality, or is withdrawn, plaintiff in execution may proceed as is provided in cases where claims may be dismissed or withdrawn." § 39-1007.

In the instant case, the affidavit of illegality was dismissed for insufficiency, and, as seems to us, the clear language of the Code entitled the plaintiff to proceed at once with his claim for damages, in the absence of some valid reason for a continuance or postponement. Accordingly, we hold that it was error to refuse the plaintiff's request.

*Judgment affirmed on the main bill of exceptions; reversed on the cross-bill. All the Justices concur.*