20937.   WRIGHT v. THE STATE.

ARGUED JUNE 14, 1960—DECIDED JULY 12, 1960.

*William Hall, Grigsby H. Wotton,* for plaintiff in error.

*Paul Webb, Solicitor-General, J. Walter LeCraw, Assistant Solicitor-General,* contra.

QUILLIAN, Justice. ■ The initial question for consideration is the jurisdiction of this court to entertain the appeal. This court in *Rollins v. State,* 215 Ga. 437 (111 S. E. 2d 63) as against substantially the same grounds of attack as are pre-

sented in this case held Code § 26-4201 constitutional. In *Gormley v. Walton,* 47 Ga. App. 466 (1) (170 S. E. 706) it was held that, where the Supreme Court had previously passed upon the constitutionality of a statute made upon substantially the same grounds as are presented by a bill of exceptions, no constitutional question is raised that will give the Supreme Court jurisdiction. In the same case this court, in reversing the Court of Appeals, held: "Since it appears from the record in this case that the constitutionality of a statute was drawn in question, and that the Supreme Court and not the Court of Appeals has jurisdiction, and since the Court of Appeals erred in retaining jurisdiction of the case, no adjudication will be made as to other questions raised in the petition for certiorari; but the case will be decided upon the original bill of exceptions and record after the Court of Appeals shall have transferred the case to this court as provided by the Constitution." *Walton v. Gormley,* 180 Ga. 90 (178 S. E. 152).

In *Morgan County v. Craig,* 213 Ga. 742 (101 S. E. 2d 714) it is held: "That the 1920 act, supra, was unconstitutional, as applied to counties, was held and settled by the decision of this court in *Floyd County v. Scoggins,* 164 Ga. 485 (139 S. E. 11, 53 A. L. R. 1286). This ruling was applied and followed in *Murphy v. Constitution Indemnity Co.,* 172 Ga. 378 (157 S. E. 471). The 1943 amendment, supra, was also held unconstitutional by this court in *Kelley v. County of Newton,* 198 Ga. 483 (32 S. E. 2d 99). Therefore, the abortive attempt in the motion to again present for decision these questions that had been finally and conclusively put at rest by the decisions of this court, raised no question that the Court of Appeals can not promptly dispose of by applying those decisions of this court, and, hence, no constitutional question is involved."

It is apparent that *Walton v. Gormley,* 180 Ga. 90, supra, and *Morgan County v. Craig,* 213 Ga. 742, supra, are in conflict. We think that the correct rule is stated in the latter case and hence expressly overrule the case of *Walton v. Gormley,* 180 Ga. 90, supra. Thus, since the attacks made upon the constitutionality of Code § 26-4201 in the instant case and in *Rollins v. State,*

215 Ga. 437, supra, are substantially the same, this court ordinarily would not rule upon that question.

However, in the instant case there is a proper motion that this court reverse and overrule the case of *Rollins v. State*, 215 Ga. 437, supra, and the question as to the constitutionality of Code § 26-4201, though passed upon previously in the *Rollins* case, is by virtue of that motion again for this court's consideration. Moreover, this court had jurisdiction of the question as to whether Code § 26-4201 was constitutional when the case reached this court and will continue to have jurisdiction until the judgment disposing of the case is rendered. This is true because not until the judgment is entered is the case of *Walton v. Gormley*, 190 Ga. 90, supra, overruled.

The rule is stated in *Franklin v. Mobley*, 202 Ga. 212 (1): (42 S. E. 2d 755): "In view of the questions made in the record as to a proper construction of certain provisions of the Constitution of 1945, this court and not the Court of Appeals has jurisdiction of the instant case; and this is true, although upon a consideration of the entire case, this court determines that a decision upon such constitutional questions is not necessary to a proper solution of the case, and makes no decision thereon." Thus, it appears that this court has jurisdiction of the case.

■ This court adheres to its ruling on the constitutionality of Code § 26-4201 as contained in *Rollins v. State*, 215 Ga. 437, supra. The first ground of the general demurrer, which attacks the constitutionality of that section, is without merit. This leaves for consideration the second ground, which is that the indictment charged no offense against any penal law of Georgia: "The indictment must charge the crime and every substantial element of the offense alleged to have been committed." *Durden v. State*, 152 Ga. 441, 443 (110 S. E. 283).

The charge of a conspiracy is essentially the same thing as pleading a contract, for a conspiracy is a corrupt agreement between two or more persons to do a particular thing, 11 Am. Jur. 544, Conspiracy, § 4. An indictment charging the type of conspiracy made criminal by Code § 26-4201, that is, a conspiracy as applied to the facts of this case, to cheat or defraud the State of property, must contain definite allegations as to who

were the parties to such conspiracy, how and in what manner they designed to cheat or defraud the State, and of exactly what property they conspired to unlawfully defraud the State. "Since, however, the conspiracy itself constitutes the crime and since the statute as originally enacted has been modified by the adopted Codes in which it has been codified so as to provide that the object of the conspiracy may be to defraud the State of 'property' in its broader sense, it seems clear that an indictment charging a conspiracy under the statute must with particularity set forth the exact property of the State at which the conspiracy is aimed. Were an overt act necessary to complete the offense, a different rule might obtain. Here the statute makes entering upon the agreement a felony. That being so, the indictment charging the crime must with particularity set forth the nature of the agreement and the exact end to be accomplished thereby. Manifestly it would not be sufficient to say in an indictment that the defendants conspired to defraud the State. The gravamen of the offense is the conspiracy to defraud the State of *property*. That is what makes it necessary to set forth with particularity the property of the State at which the conspiracy is aimed." *Cadle v. State,* 101 Ga. App. 175, 187 (113 S. E. 2d 180). This pronouncement is an expression of a well recognized legal principle. A similar case is U. S. v. Greene (D. C. Ga.), 115 F. 343.

The indictment in the instant case does not charge that the defendant conspired with others to cheat or defraud the State of any designated funds or any particular amount of money. Hence, it is fatally defective in failing to allege against what money of the State the conspiracy was aimed.

■ The averment that named sums of money were obtained by the defendants in transactions which occurred before the conspiracy came into existence does not serve to render the charge of the indictment more certain, because, first, the allegation that acts transpiring before the conspiracy came into being is to assert an impossibility. The design of the conspiracy alleged was solely to obtain money in future transactions, and did not include any plan or purpose to retain money which had already been obtained by any of the conspirators. Secondly, the averment of the overt act did not undertake or purport to allege or describe the original design of the conspiracy or even indicate

that it was the plan or scheme of the conspirators to obtain the particular funds referred to in setting forth the overt act. "An imperfect averment of the facts constituting the description of the offense is not aided by introductory matter of the indictment, the qualifying epithets attached to the facts, or the alleged injurious consequences of such facts." 11 Am. Jur. 563, "Conspiracy," § 29. In short, the indictment construed as a whole did not show the property of the State against which the conspiracy was aimed.

*Judgment reversed. All the Justices concur, except Candler, J., who concurs in part and dissents in part. Hawkins, Almand, and Mobley, JJ., concur specially.*

CANDLER, Justice, concurring in part and dissenting in part. I concur in the portion of the opinion relating to the constitutional question and including the overruling of the decision in *Walton v. Gormley,* 180 Ga. 90 (178 S. E. 152), and in the judgment to this extent; but I dissent from the portion of the opinion holding the allegations of the indictment insufficient and from the portion of the judgment to this effect.

HAWKINS, ALMAND, and MOBLEY, Justices, concurring specially. We concur in the judgment holding the indictment subject to the demurrer because the indictment alleges the formation of the conspiracy some two years after the taking of the funds which are alleged to have been the subject of the conspiracy, but not in all that is said in the opinion.