## 38461.   CLINKSCALES v. THE STATE.

DECIDED OCTOBER 20, 1960—REHEARING DENIED
NOVEMBER 9, 1960.

672

*Hoke Smith, Hamilton Lokey, J. Ray Merritt, M. K. Pentecost,* for plaintiff in error.

*Alfred A. Quillian, Solicitor-General, Henry H. Davis, Jack S. Davidson, John Darsey, J. N. Rainey,* contra.

CARLISLE, Judge. ■ The first ground of the plea in abatement raises the question plainly and simply of whether or not a valid indictment has been returned when the same is returned at a time when the court is presided over by a disqualified judge. It is clear under the facts recited in the plea that the manner in which the special presentment was returned into court was in accordance with all of the requirements of the law as to the valid return of an indictment. *Danforth v. State,* 75 Ga. 614, 620 (58 Am. Rep. 480); *Zugar v. State,* 194 Ga. 285, 286 (21 S. E. 2d 647). The judge was on the bench at the time presiding, with the clerk present, and the court was being held open to the public and for the general purpose of holding court. The judge on the bench was not disqualified to hold court. While every act performed by a judge pursuant to the powers conferred upon him has been held to be judicial in nature (see 21 C. J. S. 28, Courts, § 12), the mere receipt of an indictment or special presentment in open court, observing the formalities imposed by law and the handing of the same by the bailiff to the clerk and

the entry by him upon the docket, did not involve the exercise by the judge of any judicial function as that term is ordinarily understood. It did not constitute any part of the trial of the case. People v. Rice Associates, Inc., 56 N. Y. S. 2d 833; People v. Raco, 47 N. Y. S. 2d 448, 449; 88 C. J. S. 19, Trial, § 1. The disqualification of the defendant as judge to sit in the trial of the case did not affect his authority to preside during these preliminary procedures. If it were otherwise, no indictment could ever be returned in any case where the judge was disqualified for any reason. The disqualification is unique in this case only in that the reason for it is that the judge is the defendant named in the presentment. The disqualification of the judge is to sit as judge in the trial of the case and that disqualification does not extend to the routine ministerial duties not involving the actual exercise of judicial discretion and authority. *Thornton v. Wilson,* 55 Ga. 607 (1).

It is not contended in this ground that there was anything illegal in the manner in which the indictment was found and returned into court, and since, as pointed out in *Zugar v. State,* 194 Ga. 285, supra, the purpose of the law in surrounding the return of an indictment with formalities and requiring that it be returned in open court is to prevent the administration of criminal laws taking on the aspect of "star-chamber" proceedings, it is not apparent that the defendant was in any way harmed by the fact that he was disqualified to try the case. He advances no irregularity with respect to the return except this disqualification. Presumptively, this disqualification, if anything, inured to the defendant's benefit rather than to his hurt, since he is presumed to be cognizant of the law with respect to the return of indictments, and as judge presiding at the time of its return would have been in position to have noted any irregularity adversely affecting his rights. Cf. *Patterson v. State Highway Department,* 201 Ga. 860, 866 (3) (41 S. E. 2d 260).

■ In the second ground of the plea in abatement it is contended that the indictment charges the defendant with an offense amounting to malfeasance in office and that under the provisions of *Code Ann.* §§ 40-1617 and 89-9908, he was entitled to be served with a copy of the presentment before it was laid

■

before the grand jury and should have had the right of appearing before and being heard by the grand jury and of being represented by his counsel. The defendant is a State official within the purview of *Code* § 40-1617. *Code Ch.* 24-26. As such, if the indictment does in fact charge him with malpractice in office, he was entitled to be served and to appear and be represented by counsel and to examine witnesses as contended. *Cadle v. State,* 101 Ga. App. 175 (113 S. E. 2d 180).

The indictment in this case charges the defendant with the offense of conspiring to defraud and cheat the County of Jackson by persuading Roy M. Whitehead to cause $2,000 to be paid to Marvin D. Pierce, Jr., which had not been earned by Marvin D. Pierce, Jr., said $2,000 being paid on the pretext that it constituted the commission upon the sale of certain county hospital and health center bonds.

The solution of this question turns on the interpretation of the term, "malpractice in office," as used in *Code* § 89-9907. This question was fully explored by the Supreme Court in *Cargile v. State,* 194 Ga. 20, 23 (2) (20 S. E. 2d 416), where it was said: "Since this statute makes that term a criminal offense punishable by the infliction of the penalties therein prescribed, it must be tested by the rule of strict construction applicable to criminal statutes. However, in applying this rule the plain meaning of language must not be disregarded, but will be given full effect. The word 'malpractice' means evil, bad, or wrong practice. It has been more often used in statutes applicable to physicians and surgeons and other professional practitioners. In every such case it condemns practices of the professions which are improper, wrong, or evil. When applied as in the present statute to public officers and restricted to official acts by the words 'in office,' it retains its meaning of bad or evil, and this is applied to official acts instead of to the professional practices as when used in statutes relating to the professions."

Let us then examine the special presentment in this case in the light of defendant's duties as judge of the superior court. The presentment charges the defendant with procuring the Chairman of the County Commissioners to pay to Marvin D. Pierce, Jr., $2,000 as commission on the sale of certain Jackson

County hospital and health center bonds. How did this relate to the defendant's duties as judge of the superior court? His duties are to preside as trial judge in the superior court, to "administer justice without respect to person, and do equal rights to the poor and the rich, and [to] faithfully and impartially discharge and perform all the duties incumbent on [him] as Judge of the Superior Courts of this State." If it can be said that the judge of the superior court has any duties with respect to the issuance of bonds by any county, or other political subdivision, they are set forth in *Code Ch.* 87-3. Under the provisions of that chapter his duties are simply to hear and determine all questions of law and fact in a proceeding brought by the solicitor-general in the name of the State and against the county or municipality or political subdivision to validate such bonds, and in such a proceeding the sole issue is whether the proceeding by the county or municipality or other political subdivision for the issuance of such bond was legal, that is, whether all the provisions of the law have been complied with. The judge of the superior court has no duty devolving upon him in connection with the sale of such bonds, or procuring purchasers therefor. It follows, of course, that the special presentment in this case does not charge the defendant with malfeasance or malpractice in office any more than would an indictment or presentment charging him with murder or robbery or some other crime of like nature, and he was not entitled, merely by virtue of the fact that he occupied a high office in this State to the special privileges accorded the holders of such offices under the provisions of *Code* § 89-9908. The second ground of the plea in abatement was without merit.

■ One of the contentions argued and insisted upon by counsel for the defendant before this court is that the indictment is duplicitous in that it charges in one count a conspiracy to defraud the county and the consummation of that conspiracy. The indictment in this case was drawn under the provisions of Chapter 26-42 of the Code, and § 26-4204 of that chapter makes the offense complete when the conspiracy is effected (entered into) whether it is carried out or not. It is clear by this provision that it was the intent of the legislature, insofar as an of-

fense charged under this chapter is concerned, to punish the act of entering into the conspiracy and the act of carrying out of the conspiracy as a single crime. A study of the presentment in this case, however, clearly shows that a conviction is sought only for conspiring to defraud and cheat the County of Jackson, and not for defrauding the county. "An indictment charging a conspiracy to commit an act in itself criminal and also the commission of such act, is not bad for duplicity where no conviction is sought on account of the overt act." 12 C. J. 628, Conspiracy, § 212. As was said in Steigman v. U. S., 220 F. 63, 67 (3), "Two crimes are alleged, but one crime is charged. The crime of conspiracy is the one charged, and it is charged against both defendants. The crime of conspiracy, from its very nature, precedes or contemplates the perpetration of another offense, and a charge of conspiracy under the statute, without an allegation of the offense to which the conspiracy relates, as being intended or consummated, would be wholly impossible of statement." To the same effect, see Hosier v. U. S., 64 F. 2d 657 (5); State v. Waymire, 52 Ore. 281 (97 P. 46); 15 C. J. S. 1132, Conspiracy, § 88. The allegations of the special presentment in this case as to the manner in which the conspiracy was to be carried out did not purport to charge the defendant with perpetrating those acts, but were merely in explanation of the charge of conspiracy. The special presentment in this case was not duplicitous.

■ "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may easily be understood by the jury. . ." Code § 27-701. Tested by the standards set forth in this Code section, the allegations of the special presentment in this case are sufficient to charge a violation of Code § 26-4202. They charged the defendant and his co-indictee with having conspired and agreed to defraud, cheat and illegally obtain from Jackson County, Georgia, the sum of $2,000 on November 21, 1957, and the allegations of the special presentment sufficiently allege the acts which the defendant, and Pierce and Whitehead agreed to do in consummating this conspiracy.

It follows that the contentions of the defendant that the special presentment is too vague to enable him to prepare his defense are without merit, and the judge of the superior court did not err in overruling the grounds of demurrer presenting this question. *Rollins v. State,* 215 Ga. 437, 441 (3) (111 S. E. 2d 63).

■ The indictment in this case is not demurrable because it alleges an act on the part of the defendants impossible of performance. It alleges that the parties agreed and conspired to cause Whitehead, acting as chairman of the board of commissioners, to cause to be paid to Pierce the sum of $2,000 as a commission. The exact way in which the defendants consummated this conspiracy so as to secure the votes of the other commissioners is not alleged (a point not raised by any proper ground of demurrer urged in this court), but if in fact payment of such sums required the vote of all of the commissioners of roads and revenues, it would be competent under the facts alleged in the indictment for the State to show that the votes of the other commissioners to approve such payment were procured by artifice and deceitful statements on the part of the conspirators or by other means, and the mere fact that such votes of such other commissioners would be required to effectuate the conspiracy would not necessarily render the plan impossible of accomplishment. This would be a matter of affirmative defense.

The foregoing covers and answers all of the contentions made by the plaintiff in error as to the plea in abatement and the demurrers. None of the other grounds of demurrer were meritorious, and the trial court did not err in overruling the plea in abatement and in overruling all of the grounds of demurrer.

*Judgment affirmed. Felton, C. J. and Townsend, P. J., concur. Felton, C. J., designated to preside for Frankum, J., disqualified.*