## 38874. PIERCE v. THE STATE.

FRANKUM, Judge. The grand jury of Jackson County returned a special presentment (hereinafter referred to as indictment) charging Maylon B. Clinkscales and Marvin D. Pierce, Jr., with the offense of conspiracy to cheat, defraud, and illegally

obtain from Jackson County the sum of $2,000. The indictment contained two counts. The defendant, Marvin D. Pierce, Jr., filed general and special demurrers and a plea in bar to the indictment. The State filed a demurrer to the plea in bar. Upon a hearing before the superior court, the trial court sustained the State's demurrer to the defendant's plea in bar and dismissed same. The trial court sustained defendant's demurrers to count 2 of the indictment, and count 2 of the indictment was thereby stricken. All further reference to the indictment relates to count 1 thereof. The trial court overruled the defendant's demurrers directed to count 1 of the indictment. The defendant excepted and assigns as error the order sustaining the State's demurrer to his plea in bar, and the order overruling his demurrers to count 1 of the indictment.

Heretofore, Maylon B. Clinkscales, who was jointly indicted with this defendant, appealed to this court from certain rulings of the Superior Court of Jackson County adverse to him, and on the hearing of that case before this court, the writer of this opinion disqualified himself because, though he had never rendered a judgment in said case, he, as a superior court judge, had heard arguments upon the demurrers to the indictment filed by Clinkscales. Upon the call of the instant case before this court, the writer offered to disqualify himself. Counsel for both the State and the defendant announced that they had no desire that the writer disqualify and expressly waived any objection to his participation in this case. *Held:*

The questions for decision in the instant case are, in the main, the same as those decided in *Clinkscales v. State*, 102 Ga. App. 670 (117 SE2d 229). Consequently, the *Clinkscales* case is controlling in this case, except as to the grounds of this defendant's demurrers and his plea in bar which attack the indictment on the ground that it is not sufficiently alleged how, when, and in what manner and by what means the alleged conspiracy was consummated. The indictment sets forth the date on which the crime is alleged to have been committed and sufficiently describes the property that the defendants were alleged to have conspired to obtain from Jackson County, namely, $2,000. *Rollins v. State*, 215 Ga. 437 (111 SE2d 63). The indictment contains allegations of fact which constitute the essential elements of the crime, in

that it is alleged that this defendant and Maylon B. Clinkscales, together with Roy M. Whitehead, entered into a conspiracy to defraud, cheat, and illegally obtain $2,000 from Jackson County, Ga., and that this defendant and Maylon B. Clinkscales "did agree with and cause Roy M. Whitehead, acting as Chairman of the Board of Commissioners of Roads and Revenues of said County, to cause to be paid to the said Marvin D. Pierce, Jr., . . . the sum of $2,000 as commission, fee and expense in the sale [of certain named hospital bonds] . . . when in truth and fact the said Marvin D. Pierce, Jr., . . . did not sell said bonds and was not entitled to the sum of $2,000 as commission, fee and expense in the sale of said bonds from said Jackson County, Georgia; and said payment and agreement for payment by the defendants aforesaid being then and there made to defraud, cheat and illegally obtain from Jackson County, Georgia, said $2,000 contrary to the laws of said State, the good order, peace and dignity thereof." It was not necessary for the State to allege the evidence which it would rely upon to prove the ultimate facts set forth in the indictment. *Abel v. State,* 64 Ga. App. 448 (6) (13 SE2d 507); *Dowda v. State,* 74 Ga. 12 (2). An analogous principle is that in a cheating and swindling case in which the State does not have to allege the very words used to accomplish the crime. See *DeKrasner v. State,* 54 Ga. App. 41 (6) (187 SE 402); *Turnipseed v. State,* 53 Ga. App. 194 (185 SE 403). An indictment drawn under the provisions of *Code Ann.* § 26-4102, charging a conspiracy to defraud, cheat, or illegally obtain any property from a county of this State must allege "who were the parties to such conspiracy, how and in what manner they designed to cheat or defraud" the county, "and of exactly what property they conspired to unlawfully defraud" the county. *Wright v. State,* 216 Ga. 228 (115 SE2d 331). As stated in the *Wright* case, supra, "The indictment charging the crime must with particularity set forth the nature of the agreement and the exact end to be accomplished thereby." Allegations in the indictment in the instant case name the conspirators, how and in what manner the crime (conspiracy agreement) was consummated. The "nature of the agreement," as distinguished from any other crime, was fully alleged, viz., that the defendants conspired to obtain $2,000 from Jackson County under a pretext of a commission, fee, and expense for services by

defendant Marvin D. Pierce, Jr., when it was alleged in the indictment that no such services were rendered by him. The "exact end" to be accomplished was alleged, namely, the procurement of $2,000 to be illegally paid to the defendant Marvin D. Pierce, Jr. This sufficiently alleges "how and in what manner" the crime was committed, as defined under *Code Ann.* § 26-4201.

The trial court did not err in sustaining the State's demurrer to the plea in bar or in overruling the defendant's demurrers to count 1 of the indictment.

*Judgment affirmed. Townsend, P.J., and Jordan, J., concur.*

DECIDED JUNE 13, 1961—REHEARING DENIED JUNE 27, 1961.

*Robert J. Reed,* for plaintiff in error.
*Alfred A. Quillian, Solicitor-General,* contra.